ATTORNEYS FOR APPELLANTS
Stephen E. Culley
Katherine J. Rybak
Indiana Legal Services, Inc.
Evansville, Indiana

ATTORNEYS FOR APPELLEES
Gloria J. Rahman
Gregory S. Schnarr
Ferdinand, Indiana



FILED
Aug 30 2011, 2:07 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 62S01-1103-SC-141

QUINCY BRANHAM &
SHANNON BRANHAM,

*Appellants (Plaintiffs below),*

v.

RODNEY VARBLE &
NORMAN CHASTAIN,

*Appellees (Defendants below).*

Appeal from the Perry Circuit Court, No. 62C01-0902-SC-00036
The Honorable Lucy Goffinet
The Honorable Karen A. Werner, Magistrate

On Petition to Transfer from the Indiana Court of Appeals, No. 62A01-1004-SC-00192

**August 30, 2011**

**Shepard, Chief Justice.**

After conducting proceedings supplemental in a case on the small claims docket, the trial court ordered two self-represented judgment debtors to pay on the judgment despite their lack of non-exempt income. We reverse, holding that entitlement to the very ordinary statutory exemptions at issue here is not forfeited by failure of an unrepresented litigant to plead them as an affirmative defense in the course of purposefully informal small claims processes.

**Facts and Procedural History**

The case in this appeal was styled <u>Branham v. Varble & Chastain</u>. A second case was styled <u>Branham v. Varble & Varble</u>, ___ N.E.2d ___ (Ind. 2011), and we decide it today by separate opinion.

In this case, the court entered a consent judgment on March 12, 2009, in the amount of $4350.75 plus $99 in court costs. In November 2009, the parties tendered an agreed garnishment order. The second case produced a judgment for $2750.50 plus $96 in costs.

Proceedings supplemental were filed in both cases. Both cases involved the same judgment debtors and had one plaintiff in common. The trial court held a single hearing to receive evidence. Because the only issue in proceedings supplemental is the extent of the debtor's non-exempt property subject to execution, the evidence and issues were identical in both cases. The Branhams were not represented by counsel at this proceeding.

Mr. Branham testified that he makes $100 per week working for Harrison's Auto Salvage. (Tr. at 5, 10.) He has worked there almost four years. (Tr. at 5.) Prior to working at Harrison's, he was unemployed and looking for work for three years. (Tr. at 13.) Mrs. Branham receives Supplemental Security Income (SSI) of $674 per month. (Tr. at 8.) These are the couple's only sources of income. (Tr. at 8.)

The Branhams pay $400 in monthly rent out of Mrs. Branham's SSI. (Tr. at 8.) The two split the remaining living expenses including food and utilities. (Tr. at 10, 11.) Mr. Branham has purchased a $2500 truck so that he "could make it back and forth to make money." (Tr. at 11.) He pays $200 a month on the truck. (Tr. at 7.)

The court ordered the Branhams to pay $50 per month on this judgment (and $50 per month on the other judgment, for a total of $100 per month). It also ordered Mr. Branham to

apply for five jobs per week and submit proof to the plaintiff's lawyer. The judge also scheduled a status conference in June to check on Mr. Branham's job situation.

The Branhams appealed with assistance of counsel. The Court of Appeals affirmed the order to pay $50 per month and reversed the order to apply for five jobs per week. Branham v. Varble & Chastain, 937 N.E.2d 348 (Ind. Ct. App. 2010). We granted transfer, 944 N.E.2d 492 (Ind. 2011) (table), vacating the decision of the Court of Appeals.

## Standard of Review

We review facts from a bench trial under the clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility. Morton v. Ivacic, 898 N.E.2d 1196 (Ind. 2008). "This deferential standard of review is particularly important in small claims actions, where trials are informal, 'with the sole objective of dispensing speedy justice' between parties according to the rules of substantive law." Id. at 1199 (quoting City of Dunkirk Water & Sewage Dep't v. Hall, 657 N.E.2d 115, 116 (Ind. 1995)). The only issues presented in this case are questions of law. Accordingly, we review them de novo. Id.

As a preliminary matter, we note that Varble and Chastain have not filed an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments. Rather, we will reverse upon an appellant's prima facie showing of reversible error. Id.

## I. Courts Cannot Order Debtors to Pay Out of Exempt Income.

The Branhams first argue that the trial court should not have ordered payment because there was no evidence that the Branhams had any non-exempt income. (Appellant's Br. at 4–5.)

3

The principle that debtors should have a certain amount of property or income exempted from collection finds its origin in our constitution, which says:

> The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud.

Ind. Const. Art. 1, § 22.

To enforce Article 1, Section 22, our General Assembly has enacted multiple exemption statutes sheltering certain property and income from attachment. The general rule of civil litigation is that these exemptions must be asserted by the debtor. Mims v. Commercial Credit Corp., 261 Ind. 591, 307 N.E.2d 867 (1974). Because the statutory exemptions exist to give life to a constitutional right, we have held that there should be exceptions and modifications to this general rule "consistent with fairness and practical realities." Id. at 595, 307 N.E.2d at 869.

In Mims, the judgment debtor was appealing a garnishment order from proceedings supplemental. The debtor argued that she was entitled to the resident-householder exemption. We embraced the following procedure to ensure full enjoyment of the constitutional right:

> If a debtor-defendant is represented by counsel during proceedings supplemental, the burden is upon the debtor to affirmatively interpose the resident-householder claim. . . . If, however, a debtor-defendant is not represented by counsel, the trial court must determine: (1) whether the debtor is a resident-householder, and (2) if the debtor is a resident-householder, which exemption (either the UCCC or resident-householder) would be least burdensome on the debtor. The trial court, after due consideration of these matters, shall enter the appropriate garnishment order . . . .

Id. at 595–96, 307 N.E.2d at 869–70 (emphasis in original).

The Court of Appeals declared in the present appeal that Mims should not be understood to relieve even unrepresented litigants of their general obligation to identify and plead

affirmatively any of the many exemptions to which they might be entitled. Branham, 937 N.E.2d at 352. It expressed concern that to do otherwise would place on the trial judge the burden of identifying the myriad of exemptions and becoming an advocate for one party rather than a neutral arbiter. Id.

This concern is the basis for the general rule, certainly for represented parties on the plenary dockets. In small claims court, however, trials are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law. . . ." Ind. Small Claims Rule 8(A). People often appear in small claims court without attorneys and may not have any knowledge of exemptions or any realistic way to determine which exemptions might apply.

The facts of this case suggest why holding unrepresented litigants to account on appeal for affirmatively pleading particular exemptions may often prove too harsh. The Branhams' combined monthly income is $1074. Subtracting $200 for the truck payment and $400 for rent, the Branhams have only $474 left to pay their food and utility bills for the month. Mr. Branham testified that after paying all their modest expenses there is no money left over at the end of the month.

The mathematics of this evidence fit squarely within the statute the Branhams say exempts their income, Section 24-4.5-5-105(2)(b) (2007) of the Indiana Code. Section 24-4.5-5-105(2) limits the amount that can be garnished from any single workweek to the lesser of twenty-five percent of that week's disposable earnings or the amount of that week's disposable earnings that exceeds thirty times the federal minimum hourly wage. Disposable earnings are defined as "that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld." Ind. Code § 24-4.5-5-105(1)(a). Mr. Branham testified that they have not been required to pay federal or state income tax since 2003 and that no money is withheld from his wages. (Tr. at 10.)

For the purposes of this statute, garnishment is defined as "any legal or equitable proceedings through which the earnings of an individual are required to be withheld by a garnishee, by the individual debtor, or by any other person for the payment of a judgment." Ind. Code § 24-4.5-5-105(1)(b) (emphasis added). Exemption statutes are construed liberally. In re Zumbrun, 626 N.E.2d 452, 455 (Ind. 1993). It seems clear that the trial court intended the Branhams to pay on this judgment out of Mr. Branham's weekly wages. Under the definition in this statute, such an arrangement is a garnishment subject to the exemption.

Twenty-five percent of $100 per week is $25. The federal minimum wage at the time of the proceedings supplemental was $7.25 per hour. 29 U.S.C. § 206(a)(1) (Supp. 2009). Thirty times the minimum wage is $217.50. Mr. Branham's weekly wages do not exceed $217.50, so all of his wages are protected from garnishment under Indiana Code § 24-4.5-5-105(2).

As for Mrs. Branham's disability income, 42 U.S.C. § 407(a) (2006) provides that SSI is not subject to garnishment for payment of a judgment.

In short, this record contains no evidence that the Branhams have any property or income that is not covered by an exemption. Therefore, we reverse the trial court's order requiring them to pay $50 per month on the judgment.

We finish by emphasizing that a judicial officer hearing small claims is not charged with identifying and applying the entire gamut of exemptions. The two involved here—the general wage exemption and the SSI exemption—are the stuff of everyday life in collections work. We cannot say on appeal that they are lost through failure of formal pleading.

6

## II. Scheduling Subsequent Proceedings Was Not Improper.

The Branhams next argue that the trial court should not have allowed proceedings supplemental in light of its previous garnishment order. They also say that the court did not have the authority to continue to order status conferences. (Appellant's Br. at 6–7.)

The general rule on the plenary docket court is that a judgment in proceedings supplemental bars subsequent proceedings supplemental when there are no new facts. Kirk v. Monroe County Tire, 585 N.E.2d 1366, 1369 (Ind. Ct. App. 1992). As with informality in pleading, the rules on small claims reflect more flexibility on this point. Indiana Small Claims Rule 11(C) provides that "[i]f the judgment is not paid as ordered the court may modify its payment order as it deems necessary." Some courts have adopted appropriate and reasonable limits on proceedings supplemental.[1] The standard process would be to move from entry of a garnishment order to filing an information for contempt, but we are not prepared to say that a court that schedules a further hearing with an eye toward possible modification of its order commits abuse of discretion.

## III. It Was Improper to Order Mr. Branham to Apply for Jobs.

The Branhams argue that the trial judge did not have the authority to order Mr. Branham to conduct a job search. The Court of Appeals agreed, and so do we. Indiana Trial Rule 69(E) allows a judgment debtor to be called to court "to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment." Ind. Trial Rule 69(E)(3). Rule

---

[1] By way of example, the Vanderburgh Circuit and Superior Courts recently amended their local rules regarding subsequent Motions for Proceedings Supplemental. Once the garnishment order is obtained the hearings may not be continued and a subsequent motion is only permitted "if the motion sets forth circumstances that have changed since the last hearing in regard to the defendant's financial status." Vanderburgh County Local Rules 82-TR69 Rule 1.23(C) and 82-SC00-S Rule 1.05(E) (effective May 10, 2011).

69(E) also requires garnishees to answer as to the judgment debtor's property. T.R. 69(E)(4). The rule does not confer upon the trial court the authority to force the judgment debtor to find a job or otherwise acquire non-exempt property. See State ex rel. Wilson v. Monroe Superior Court IV, 444 N.E.2d 1178, 1180 (Ind. 1983). This contrasts dramatically, of course, with the processes applicable to child support, where the obligor has an affirmative duty to generate support

**Conclusion**

Except for the court's directive that the Branhams return for a further hearing on the proceeding supplemental, we reverse.

Dickson, Sullivan, Rucker, and David, JJ., concur.