**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 24 2012, 8:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHANDA BANNER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1202-DR-93 |
| | ) | |
| CHARLES KINCAID, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |
| | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
The Honorable Jill R. Marcrum, Magistrate
Cause No. 82D04-1103-DR-308

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

On behalf of Chanda Banner ("Mother"), the State appeals the trial court's determination of Charles Kincaid's ("Father") child-support arrearage. The State contends that on numerous occasions, Father was credited for duplicate payments when only one payment was made, and the trial court erred in adopting these duplicate credits. We conclude that the trial court did not abuse its discretion in calculating Father's arrearage. We affirm.

**Facts and Procedural History**

Mother and Father have a son together—I.K., born in 1990. In March 1991, a New Jersey court ordered Father to pay $43 per week in child support. Father later moved from New Jersey to North Carolina, and Mother moved to Indiana. I.K. was emancipated in February 2010. From March 1991 to February 2010, Father should have paid a total of $42,312 in child support. However, Father did not make all of the required child-support payments, and in October 2011, an Indiana trial court attempted to determine his arrearage.

At the hearing to determine Father's arrearage, the Title IV-D Prosecutor ("the State") argued on behalf of Mother that Father had been credited with child-support payments in duplicate—that is, certain single payments made by Father were erroneously credited as two payments.[1] Specifically, from May 2006 to March 2010, payments made by Father in North Carolina were credited both in North Carolina and in New Jersey, as if Father had made two support payments, which the State argued he did not do. The State

---

[1] In its appellate brief, the State explains that this was its position at the hearing. Because the hearing on Father's arrearage took place in chambers off the record, we rely on the State's recitation of its position. In the absence of a record and appellee's brief, it is not clear what Father argued at the hearing.

2

also noted that from May 2011 to July 2011, payments made by Father in North Carolina were credited once in North Carolina and a second time in Indiana. The State contended that Father should not be credited for these duplicate payments and that he was $18,481.63 in arrears.

The trial court ruled on the matter in November 2011, stating:

> Father should have paid a total of $42,312.00 [in child support] through February 2, 2010. Father has actually paid $30,081.66 as of September 30, 2011. Father paid a total of $14,893.53 through New Jersey; $12,869.13 through North Carolina; and $2,319.00 through Indiana through September 30, 2011.

Appellant's App. p. 49. The court acknowledged that "North Carolina was attempting to collect child support during the same time as New Jersey and, eventually, during the same time as Indiana," but it rejected the State's calculation and concluded that Father was $12,230.34 in arrears. *Id.* The State filed a motion to correct error, which was denied. The State now appeals.

## Discussion and Decision

At the outset, we note that Father did not file an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

Determinations regarding child support rest within the sound discretion of the trial court. *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1261 (Ind. Ct. App. 2010). We will reverse a trial court's decision in child-support matters only for an abuse of discretion or if the trial court's determination is contrary to law. *Id.*

The State contends that the trial court erred in calculating Father's arrearage. It claims that Father was credited for duplicate child-support payments when only one payment was made and that the trial court erred in adopting this duplicate credit when determining Father's arrearage. The State argues that if these duplicate credits are accounted for, Father's arrearage is $18,481.63, not $12,230.34 as determined by the trial court.

In making this argument, the State takes issue with the fact that the court did not enter factual findings in rejecting its calculation of Father's child-support arrearage. However, the State did not request findings; thus, the trial court was not required to enter any. *See* Ind. Trial Rule 52(A). Moreover, the State bore the burden of proving Father's support arrearage and the trial court concluded that Father's arrearage was less than the amount claimed by the State, apparently concluding that the payments recorded in New Jersey and Indiana were not duplicative. The State's only argument in support of its claim that this was error is that it is "unrealistic" that Father in fact made duplicate support payments. Appellant's Br. p. 12. This is not a prima facie showing of reversible error. We conclude that the trial court did not abuse its discretion in calculating Father's arrearage.

Affirmed.

CRONE, J., and BRADFORD, J., concur.

4