**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**EDWARD P. GRIMMER**
Austgen Kuiper & Associates, P.C.
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOY M. GRAF, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1206-DR-265 |
| | ) | |
| CRAIG W. GRAF, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Roger V. Bradford, Judge
The Honorable Mary A. DeBoer, Magistrate
Cause No. 64D01-1010-DR-10912

**September 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Joy (Graf) Sippel appeals the trial court's denial of her motion to suspend the driver's license of Craig Graf due to his failure to pay child support. We reverse and remand.

**Issue**

Joy raises one issue, which we restate as whether the trial court properly denied her request that Craig's driver's license be suspended due to his failure to pay child support.

**Facts**

Craig and Joy were married in September 2002 and divorced in July 2011. They had two children during their marriage. The parties agreed that Craig would pay child support of $150 per week. In December 2011, Joy filed a petition for contempt due to Craig's nonpayment of child support. A hearing was held in April 2012. Joy presented evidence that, at that time, Craig had a child support arrearage of $8,625. Forty-year-old Craig was mainly self-employed and living with his parents, who paid his attorney fees and provided him with a home, food, and car. Craig testified that he had recently obtained a job making $10.25 an hour.

The trial court found Craig in contempt "for his failure to have paid child support when he had income and resources from which he could have paid and should have paid support." Appellant's App. p. 7. The trial court ordered Craig to pay $20 per week toward the child support arrearage of $8,625, entered an income withholding order, and

ordered him to pay $1,000 to Joy's attorney at a rate of $100 per month. The trial court refused to suspend Craig's driver's license.

Joy filed a motion to correct error, arguing that the trial court should have suspended Craig's driver's license. Joy also filed a motion for an order suspending Craig's driving privileges. The trial court denied Joy's motions. Joy now appeals.

**Analysis**

Joy argues that the trial court erred when it denied her request to suspend Craig's driver's license due to his failure to pay child support. We first note that Craig did not file an appellee's brief in this matter. Under these circumstances, "we do not undertake to develop the appellee's arguments." Branham v. Varble, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we may reverse upon an appellant's prima facie showing of reversible error. Id.

Joy's argument requires us to interpret the relevant statutes. When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. State v. Evans, 810 N.E.2d 335, 337 (Ind. 2004) (quoting Bolin v. Wingert, 764 N.E.2d 201, 204 (Ind. 2002)). "If a statute is unambiguous, that is, susceptible to but one meaning, we must give the statute its clear and plain meaning." Id. If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. Id. We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. Id.

Joy's argument is based on Indiana Code Section 31-16-12-7, which provides:

3

If a court finds that a person is delinquent (as defined in IC 31-25-4-2) as a result of an intentional violation of an order for support, the court shall issue an order to the bureau of motor vehicles:

(1) stating that the person is delinquent; and

(2) ordering the following:

(A) If the person who is the subject of the order holds a driving license or permit on the date of issuance of the order, that the driving privileges of the person be suspended until further order of the court.

(B) If the person who is the subject of the order does not hold a driving license or permit on the date of issuance of the order, that the bureau may not issue a driving license or permit to the person until the bureau receives a further order of the court.

"Delinquent" means "at least: (1) two thousand dollars ($2,000); or (2) three (3) months; past due on payment of court ordered child support." Ind. Code § 31-25-4-2.

Joy correctly argues that Indiana Code Section 31-16-12-7 unambiguously requires the trial court to issue an order suspending a parent's driver's license if the parent is delinquent, as defined by Indiana Code Section 31-25-4-2, as a result of an intentional violation of a support order. The statute provides that the trial court "shall issue" the order suspending the parent's driver's license under those circumstances. I.C. § 31-16-12-7. Here, Craig is delinquent because he owed more than $2,000 on his court ordered child support. The trial court also found that Craig failed to pay support when he had income and resources from which he could have paid, and thus, we conclude that Craig intentionally violated the child support order. Consequently, the statute required the trial court to suspend Craig's driver's license. As a result, we conclude that Joy has

4

made a prima facie showing that the trial court erred when it denied her request for a suspension of Craig's driver's license.

Although Indiana Code Section 31-16-12-7 clearly requires the trial court to suspend Craig's driver's license, we note that Indiana Code Section 31-16-12-11 is also relevant here. Indiana Code Section 31-16-12-11 provides:

> Notwithstanding section 7, 8, 9, or 10 of this chapter, the court may stay the issuance of an order under section 7, 8, 9, or 10 of this chapter . . . if:
>
> (1) the person pays the child support arrearage in full; or
>
> (2) an income withholding order under IC 31-16-15 (or IC 31-2-10 before its repeal) is implemented and a payment plan to pay the arrearage is established.

The trial court did implement an income withholding order and a payment plan but failed to suspend Craig's driver's license first. On remand, after entering an order suspending Craig's driver's license, the trial court may determine whether it is appropriate to stay the suspension.[1]

## Conclusion

The trial court erred when it denied Joy's motion for a suspension of Craig's driver's license. We reverse and remand for further proceedings consistent with this opinion.

---

[1] Although Joy argues that the trial court did not establish proper "payment plan to pay the arrearage," the trial court here did order Craig to pay $20 per week toward the arrearage. We recently addressed the language of Indiana Code Section 31-16-12-11 and held that it is clear and unambiguous. Mertz v. Mertz, 971 N.E.2d 189, 195 (Ind. Ct. App. 2012), trans. pending. We held in Mertz that the statute did "not impose any constraints upon that plan" and that "the sufficiency of a plan offered by an obligor is best determined by a trial court, which is well-versed in the specific facts of a case." Id. at 196.

Reversed and remanded.

VAIDIK, J., and MATHIAS, J., concur.