**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Apr 08 2013, 9:24 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**DOUGLAS W. MEYER**
Plainfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TARIQ QURESHI AND MEHNAZ QURESHI, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1211-SC-497 |
| | ) | |
| RICHARD E. COULTER, COX/HAMMOND REALTY GROUP, AND DARRELL COX, | ) | |
| | ) | |
| | ) | |
| Appellees-Defendants. | ) | |
| | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Stephenie Lemay-Luken, Judge
Cause No. 32D05-1205-SC-1652

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

When a real-estate deal fell through, potential buyers Tariq Qureshi and Mehnaz Qureshi entered into a Mutual Release from Purchase Agreement, which entitled them to a return of their $5000 earnest-money deposit. The $5000 check was made payable to the seller's real-estate agent, who cashed the check and never returned the money. The Qureshis filed a small-claims action against the seller, the seller's real-estate agent, and his real-estate agency. The Qureshis now appeal the trial court's judgment in favor of the seller. Finding that the seller is not liable to the Qureshis for their earnest money, we affirm the trial court.

**Facts and Procedural History**

Richard E. Coulter owned commercial real estate at 1620 E. Main Street in Plainfield, Indiana. Coulter selected Darrell (Bill) Cox to serve as his real-estate agent; Cox was associated with Cox/Hammond Realty Group. Tr. p. 27. Cox listed the property for sale.

In April 2012, the Qureshis made an offer on the property that was subject to and contingent upon a satisfactory inspection. Following an unsatisfactory inspection, the Qureshis made a counter-offer, which was not timely accepted by Coulter. As a result of the untimely counter-offer, on April 25, 2012, the parties entered into a "Mutual Release From Purchase Agreement" that rescinded the original purchase agreement and provided in pertinent part:

> It is further agreed by all parties that the earnest money deposit of Five Thousand and 00/100 ($5,000.00) shall be . . . returned to Buyers . . . .

2

Ex. 1 (formatting altered). The Release was signed by the Qureshis, Coulter, and Cox. *Id.*

The Qureshis' real-estate agent, Nina Mayberry, had personally handed the $5000 earnest-money check, which was made payable to "Cox/Hammond Realty," Ex. 2, to Cox when he came to her office to give her the initially accepted purchase agreement. The check was then cashed on April 16, 2012. *Id.* After the Release was signed, Cox made several promises to Mayberry that he would return the $5000, but he never did. Tr. p. 15-16. Coulter also attempted to contact Cox to have him return the $5000, but he also was unsuccessful. *Id.* at 26. The Qureshis have never received a refund of their $5000 earnest money.

The Qureshis filed a small-claims action against Coulter, Cox, and Cox/Hammond Realty Group. Neither Cox nor anyone on behalf of Cox/Hammond Realty Group appeared for trial. Accordingly, the court entered judgment in favor of the Qureshis and against Cox and Cox/Hammond Realty Group in the amount of $5000 plus attorney fees of $1000 and court costs of $92. However, the court entered judgment in favor of Coulter and against the Qureshis because the Qureshis "submitted their earnest money check at issue to Cox/Hammond Realty Group and Darrell W. Cox. Richard E. Coulter at no time had possession of the earnest money check or the $5000 from the earnest money check." Appellant's App. p. 5. The Qureshis filed a motion to correct error, which the trial court denied. *Id.* at 10.

The Qureshis now appeal the judgment against them and in favor of Coulter.[1]

---

[1] Neither Cox nor Cox/Hammond Realty Group appeals. On March 19, 2013, Cox filed a Notice of Bankruptcy explaining that he filed for Chapter 13 bankruptcy on February 26, 2013. Because this

**Discussion and Decision**

As a preliminary matter, we note that Coulter has not filed an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima-facie showing of reversible error. *Id.*

Judgments in small-claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the trial court to assess witness credibility. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1067 (Ind. 2006). This "deferential standard of review is particularly important in small claims actions, where trials are informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." *Id.* at 1067-68 (quotation omitted). But this deferential standard does not apply to the substantive rules of law, which are reviewed de novo just as they are in appeals from a court of general jurisdiction. *Id.* at 1068.

The Qureshis argue that Coulter is liable for the $5000 under the doctrine of respondeat superior. In support, the Qureshis cite a Seventh Circuit case applying Indiana law, *Tippecanoe Beverages, Inc. v. S.A. El Aguila Brewing Co.*, 833 F.2d 633 (7th Cir. 1987). In this case, the Seventh Circuit noted that although respondeat superior

---

appeal concerns the Qureshis' claim against Coulter and does not concern Cox, we proceed to address the merits of this appeal.

4

is more commonly used to impose liability on an employer for his employee's torts,[2] it can also be used to impose liability on a principal for torts "committed by an agent within the scope of the agent's actual or apparent authority." *Id.* at 637. Here, the Qureshis argue that Cox and Coulter had an agency relationship pursuant to Indiana Code chapter 25-34.1-10. Even assuming that Cox and Coulter had a statutory agency relationship,[3] the Qureshis have failed to prove that Cox acted within the scope of his authority when he kept the money following the execution of the "Mutual Release From Purchase Agreement." The Release, signed by Cox on April 25, 2012, clearly provides that the earnest money "shall be returned" to the Qureshis. Mayberry personally handed the $5000 earnest-money check, which was made payable to "Cox/Hammond Realty," to Cox. The check was then cashed on April 16, 2012. Coulter never saw the check or received any of its proceeds. Several attempts were made to get the money back from Cox, including by Coulter. Because Cox acted outside his authority by not returning the money in accordance with the Release—which is a standard document used by realtors—Coulter is not liable to the Qureshis under the doctrine of respondeat superior.[4] The Qureshis have not established prima facie error. We therefore affirm the trial court.

---

[2] Under the doctrine of respondeat superior, an employer, who is not liable because of his own acts, can be held liable for the wrongful acts of his employee that are committed within the scope of employment. *Columbus Reg'l Hosp. v. Amburgey*, 976 N.E.2d 709, 714 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*.

[3] The Qureshis do not argue that Coulter and Cox had a common-law agency relationship. *See Demming v. Underwood*, 943 N.E.2d 878 (Ind. Ct. App. 2011) (analyzing investor's and realtor's relationship under both common-law agency and statutory agency), *reh'g denied*, *trans. denied*.

[4] As for the Qureshis' argument that Coulter is liable for the $5000 based on breach of contract, we agree with the trial court that because Coulter neither possessed the check nor received any of the proceeds, he is not liable on this basis.

Affirmed.

KIRSCH, J., and PYLE, J., concur.