**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 13 2013, 8:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KEITH W. VONDERAHE**
Ziemer, Stayman, Weitzel & Shoulders, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID D. KIELY,                           )
                                          )
   Appellant-Plaintiff,                )
                                          )
       vs.                          )    No. 14A05-1208-DR-430
                                          )
KATHRYN STARNES-KIELY,                    )
                                          )
   Appellee-Defendant.                 )
                                          )

APPEAL FROM THE DAVIESS CIRCUIT COURT
The Honorable Gregory A. Smith, Judge
Cause No. 14C01-1008-DR-388

**May 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

David D. Kiely ("Husband") appeals from the trial court's division of marital property in the dissolution of his marriage to Kathryn Starnes-Kiely ("Wife"). Husband contends that the trial court erred in dividing the marital property. Because there are inconsistencies in what the trial court said and did when dividing the marital estate, we remand for clarification.

## Facts and Procedural History

Husband and Wife were married in December 1990. Fifteen years later, while the parties were still married, Husband inherited a number of assets from his father. These assets included real estate in Indiana and Kentucky, stock in various companies, such as Pfizer, Verizon, and Vectren, valuable coins, and artwork. The total value of these items was approximately $278,000.

Husband filed a petition for dissolution of marriage in 2010. In addition to the items inherited by Husband, the parties had accumulated other marital assets, including real estate, stock, and financial accounts. In April 2012, the trial court entered an order resolving all issues related to the parties' children and the marital estate.[1]

In its order, the trial court explained that both the inherited and non-inherited assets constituted marital property and were subject to division. The court found that most of the property inherited by Husband had maintained its separate status—it had not been commingled with the non-inherited marital assets, and Wife had not exercised possession or control over the inherited assets or contributed to their acquisition.

---

[1] Two children were born of the marriage, but the custody, parenting time, and child-support issues decided by the trial court are not at issue in this appeal.

2

Appellant's Br. p. 39.[2]  The trial court therefore concluded that "all of the inherited assets [] shall be awarded to Husband, and the remainder of the marital assets shall be divided in an equal and presumably just and reasonable manner as set forth below." *Id.*

The trial court found a total of $398,134 of non-inherited assets to be divided. *Id.* The court then stated: "to arrive at a just and reasonable division of the marital estate with a close to equal total division, the Court awards [Wife] seventy percent (70%) of the value of the non-inherited assets . . . ." *Id.*  The court also identified cash-equalization payments Husband would have to make to Wife to provide her with seventy percent of the value of the non-inherited assets.  The court reiterated that it was effectuating a "nearly equal division of the marital estate . . . ." *Id.* at 41.  And in a spreadsheet attached to its order, the trial court identified the specific assets Husband and Wife were to receive—including Husband's inheritance in its distribution. *See id.* at 47-48.

Husband filed a motion to correct error.  He argued that the trial court had ruled that he was to receive "all of the inherited assets" with the remaining marital assets to be divided equally between Wife and himself, yet the court had divided the remaining assets unequally, with Wife receiving seventy percent of those assets.  The trial court rejected his claim, saying that Husband's argument "is essentially placing all the inherited property outside of the marital pot, contrary to Indiana law[.]"  Appellant's App. p. 22. Despite this, the court said that Husband had received fifty-three percent of the marital estate, "**plus** all of the inherited assets . . . ." *Id.* (emphasis in original).

---

[2] The order from which Husband appeals was included only in his brief, and not in the Appellant's Appendix.  We therefore cite to the order as included in Husband's Appellant's Brief.  The last page of Husband's Brief is page 11.  However, the court's order, child-support worksheets, and spreadsheet dividing the marital assets follow, and we continue paginating for reference purposes.

Husband now appeals.

## Discussion and Decision

We note at the outset that Wife did not file an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

Generally, the division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of that discretion. *Smith v. Smith*, 983 N.E.2d 857, 860 (Ind. Ct. App. 2010) (citations omitted)). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances presented. *Id.* When we review a challenge to the trial court's division of marital property, we may not reweigh the evidence or assess the credibility of witnesses, and we will consider only the evidence most favorable to the trial court's disposition of marital property. *Id.*

It is well established that all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a); *Smith*, 938 N.E.2d at 860. This "one-pot" theory ensures that all assets are subject to the trial court's power to divide and award. *Smith*, 938 N.E.2d at 860. Marital property includes both assets and liabilities. *Id.* The trial court has no authority to exclude or set aside marital property but must divide all property. *Id.* A trial court's discretion in dividing marital property is to be reviewed by

4

considering the division as a whole, not item by item. *Id.* Indiana Code section 31-15-7-4 provides that marital property shall be divided "in a just and reasonable manner." Further, a trial court may deviate from equal division so long as it sets forth a rational basis for its decision. *Id.*

Here, the trial court concluded that "all of the inherited assets [] shall be awarded to Husband, and the remainder of the marital assets shall be divided in an equal and presumably just and reasonable manner as set forth below." Appellant's Br. p. 39. But the trial court went on to say that "to arrive at a just and reasonable division of the marital estate with a close to equal total division, the Court awards [Wife] seventy percent (70%) of the value of the non-inherited assets . . . ." *Id.* The court also identified cash-equalization payments Husband would have to make to Wife to provide her with seventy percent of the value of the non-inherited assets. The court reiterated that it was effectuating a "nearly equal division of the marital estate," *id.* at 41, including Husband's inheritance in the estate. *Id.* at 47-48. The trial court later rejected Husband's motion-to-correct-error claim that Husband was to receive all of the inherited assets with the remaining marital assets to be divided equally between Wife and himself, saying that Husband's argument "is essentially placing all the inherited property outside of the marital pot, contrary to Indiana law[.]" Appellant's App. p. 22. But confusingly, the court said that Husband had received fifty-three percent of the marital estate, "**plus** all of the inherited assets . . . ." *Id.* (emphasis in original).

Potential mistakes in the court's calculations compound the confusion. The trial court included specific findings in its order regarding the valuation and distribution of

certain marital assets. These amounts were transferred to the attached spreadsheet, and several calculations were performed to provide a summation of the values of the non-inherited marital assets, the inherited marital assets, and the total marital assets. The final distribution of these assets was based upon these summation values; however, our review suggests mistakes were made. For example, in Paragraph 266 of the court's order, Husband is ordered to make a cash payment to Wife. This cash-payment amount includes a home-equity equalization payment, an office-equity equalization payment, the cash awarded to Wife, and a cash-equalization payment. *See* Appellant's Br. p. 41-42. But the spreadsheet shows that the values of the home equity, office equity, and the cash awarded to Wife were already taken into account in calculating the cash-equalization payment—their values were included in the spreadsheet and used to calculate the cash-equalization payment. Though it is not clear, this suggests that the total cash payment ordered by the trial court might have accounted for these assets twice.

Also in the spreadsheet, it appears that the sub-total amount shown for the non-inherited assets in the asset-equity column (fourth column from left) failed to include the value of the equity of the former martial residence.[3] And the trial court granted portions of Husband's motion to correct error that could affect the amounts ultimately distributed to each party, but the court did not attach an updated spreadsheet reflecting the mistakes Husband pointed out. Specifically, the trial court noted that the value of the household goods and furnishings should have been placed in Wife's column in the spreadsheet

---

[3] The spreadsheet includes an amount for the value of the equity of the former marital residence, but the sub-total for the non-inherited assets is the sum of the values for GE stock, NSTAR stock, Portland GE stock, Citigroup stock, two vehicles, a boat, cash, three retirement accounts, and household goods. *See* Appellant's Br. p. 47 (fourth column from left).

rather than split equally between the parties' columns. The court also recognized that one of Husband's retirement accounts is not subject to division, saying that this mistake could be corrected by withdrawing funds from another account. Because no amended spreadsheet was attached to the court's order on Husband's motion to correct error, we do not know if the trial court modified the spreadsheet accordingly.

In light of the trial court's conflicting language and the spreadsheet issues noted above, it is difficult to say precisely what marital-estate share Husband was meant to receive, much less that he received the amount to which he is entitled. And because Wife did not file an appellee's brief, Husband must only show prima facie error. *Branham*, 952 N.E.2d at 746. He has done so here. We remand this case to the trial court with instructions to clarify what portion of the marital estate each party is to receive and adopt a modified spreadsheet setting forth the distribution.

Remanded.

BAILEY, J., and BROWN, J., concur.