Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT:

**GENEVA BROWN**
Law Professor

**MEGAN K. JONES**
**REBECCA BERG**
Legal Interns
Valparaiso University Law School
Domestic Violence Clinic
Valparaiso, Indiana



FILED
Jul 17 2014, 10:04 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHYLLIS ROY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1306-PO-263 |
| | ) | |
| JERRY GIDREWICZ, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George C. Paras, Judge
The Honorable Robert G. Vann, Magistrate
Cause No. 45C01-1208-PO-231

**July 17, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Phyllis Roy appeals the trial court's denial of her motion to correct error. We affirm.

## Issue

Roy raises one issue, which we restate as whether the trial court properly issued an order of protection against her.

## Facts

Roy is married to Jerry Gidrewicz, and they are in the process of getting divorced. Roy has an order of protection against Gidrewicz. In June 2012, Gidrewicz filed a petition for an order of protection against Roy. This petition was dismissed. On August 16, 2012, Gidrewicz filed another petition for an order of protection against Roy alleging he was a victim of domestic violence and stalking. The trial court issued an ex parte order of protection and scheduled the matter for a hearing.

On January 25, 2013, a hearing was conducted. Gidrewicz's attorney was not present at the hearing, and Gidrewicz represented himself. When Gidrewicz attempted to admit police reports into evidence, Roy objected, and the trial court sustained Roy's objection. At the conclusion of the hearing, the trial court stated:

> And as far as the protective order, I don't believe that this is one victim, and one victim only. I don't believe that you didn't go over to his house. I don't believe that you didn't call him. You admitted here that you had contact with him in August and that you called him. You two have been in here, in the last year-and-a-half, more than any other litigants I've seen in that year-and-a-half, times ten. I've lectured both of you numerous times, including you back in June when all this went down when I dismissed the first Order of Protection.

2

> Apparently, it didn't have any effect on you, because then you're calling him in August.
>
> * * * * *
>
> So I don't believe you. I don't believe that you're not harassing him. I think you're both harassing each other. And the only way to solve that problem is to have a protective order against him and a protective order against you. Then the police can sort it out when the two of you can't stop harassing each other. All you have to do -- it's very easy -- leave each other alone, or go to jail. . . .

Tr. pp. 34-35. The trial court issued an order of protection against Roy.

On February 25, 2013, Roy filed a motion to correct error. At the hearing on the motion, Gidrewicz, who was representing himself, again sought to admit the police reports into evidence, and the trial court sustained Roy's objection to their admissibility. The trial court also sustained Roy's objection to the admission of photographs.

On May 13, 2013, the trial court issued an order denying Roy's motion to correct error. The order provided in part:

> 5. After hearing the testimony and determining the credibility of the witnesses it was clear that Roy consistently saw Gidrewicz despite the protective order. Further, the Court found credible Gidrewicz's testimony that on June 12, 2012, Roy broke into Gidrewicz's apartment and assaulted Gidrewicz. Also, the Court found credible Gidrewicz's testimony that Roy called him 19 times on August 12, 2012. Most of the calls went unanswered. When Gidrewicz finally answered Roy's calls she threatened him and his girlfriend. These threats included death threats. In fact, Corporal Jason Murphy of the Crown Point Police Department responded to complaints made by Gidrewicz about the harassing phone calls. While present and conducting his investigation Office [sic] Murphy heard two calls by Roy. Office [sic] Murphy heard Roy yelling insults and profanity at Gidrewicz and his girlfriend. The Court found that evidence to be extremely

3

credible and indicative of the course of conduct and manner of the relationship between Gidrewicz and Roy from at least November 27, 2010 to the present. The Court found Gidrewicz's fear of Roy to be reasonable under the circumstances.

6. As such, the Court found and finds there is substantial credible evidence to support the protective order. Therefore, Roy's Motion to Correct Error is Denied.

App. pp. 37-38. Roy now appeals.

**Analysis**

As an initial matter, Gidrewicz has not filed an appellee's brief. Under that circumstance, we do not undertake to develop arguments for him. See Branham v. Varble, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse if Roy makes a prima facie showing of reversible error. See id.

Roy appeals the denial of her motion to correct error. "We review a trial court's denial of motion to correct error for an abuse of discretion, reversing only where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs on a matter of law." Perkinson v. Perkinson, 989 N.E.2d 758, 761 (Ind. 2013). "In reviewing the sufficiency of the evidence to support an order for protection, we neither reweigh the evidence nor judge the credibility of witnesses." Tisdial v. Young, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010). "We consider only the probative evidence and reasonable inferences supporting the trial court's judgment." Id.

Pursuant to Indiana Code Section 34-26-5-2(a):

A person who is or has been a victim of domestic or family violence may file a petition for an order for protection against a:

> (1) family or household member who commits an act of domestic or family violence; or

> (2) person who has committed stalking under IC 35-45-10-5 or a sex offense under IC 35-42-4 against the petitioner.

Indiana Code Section 34-26-5-9(f) provides:

> A finding that domestic or family violence has occurred sufficient to justify the issuance of an order under this section means that a respondent represents a credible threat to the safety of a petitioner or a member of a petitioner's household. Upon a showing of domestic or family violence by a preponderance of the evidence, the court shall grant relief necessary to bring about a cessation of the violence or the threat of violence.

"Domestic or family violence" is defined in part as a family or household member "attempting to cause, threatening to cause, or causing physical harm to another family or household member" or "[p]lacing a family or household member in fear of physical harm." Ind. Code § 34-6-2-34.5.[1] Domestic and family violence also includes stalking as

---

[1] Indiana Code Section 34-6-2-34.5 specifically provides:

> "Domestic or family violence" means, except for an act of self-defense, the occurrence of at least one (1) of the following acts committed by a family or household member:

> (1) Attempting to cause, threatening to cause, or causing physical harm to another family or household member.

> (2) Placing a family or household member in fear of physical harm.

> (3) Causing a family or household member to involuntarily engage in sexual activity by force, threat of force, or duress.

5

defined in Indiana Code Section 35-45-10-1. Id. Stalking is defined as a "knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened." I.C. § 35-45-10-1.

Roy asserts that Gidrewicz failed to prove he was a victim of domestic violence or stalking by a preponderance of the evidence. Roy acknowledges that Gidrewicz alleged Roy broke into his apartment and put her hands on him, but she claims that Gidrewicz failed to offer any evidence to validate his assertions. Although the police reports and photographs were not admitted into evidence at either hearing, at the January 25, 2013 hearing, Gidrewicz stated that he filed the petition because he "had problems with her coming to my home, breaking in and grabbing my arms." Tr. p. 13. He also stated, "She broke into my house, she bruised me." Id. at 7. He said that Roy "called over nineteen times at the police station" and that "she keeps on calling me; she won't leave me alone."

---

(4) Beating (as described in IC 35-46-3-0.5(2)), torturing (as described in IC 35-46-3-0.5(5)), mutilating (as described in IC 35-46-3-0.5(3)), or killing a vertebrate animal without justification with the intent to threaten, intimidate, coerce, harass, or terrorize a family or household member.

For purposes of IC 34-26-5, domestic and family violence also includes stalking (as defined in IC 35-45-10-1) or a sex offense under IC 35-42-4, whether or not the stalking or sex offense is committed by a family or household member.

Roy's assertions that Gidrewicz was required to prove she placed him in fear of physical harm are not well founded because the statute only requires "the occurrence of at least one (1) of the following acts[.]" I.C. § 34-6-2-34.5. Thus, evidence of Roy attempting to cause, threatening to cause, or causing physical harm to Gidrewicz alone was sufficient to support a showing of domestic or family violence.

6

Id. at 7, 8. In his petition for the order of protection, which was made under the penalties for perjury, Gidrewicz wrote that on August 12, 2012, Roy called and made threats to him and his girlfriend and stated they were "both dead" and that Roy said "she has a gun." App. pp. 24, 26.

Although at the January 25, 2013 hearing Roy denied breaking into Gidrewicz's home, bruising his arms, threatening him, and owning a gun, the trial court, not us, was in the position to weigh the witnesses' credibility. Clearly, the trial court did not find Roy's testimony to be credible. Thus, even if, as Roy asserts, Gidrewicz did not prove that Roy's conduct rose to the level of stalking, Gidrewicz presented sufficient evidence to establish domestic violence—that Roy caused physical harm to him by grabbing him and bruising his arms. See I.C. § 34-6-2-34.5(1). This is a sufficient basis for issuing the order of protection.

To the extent the trial court erroneously relied on the excluded evidence in its order denying Roy's motion to correct error, Gidrewicz's statements about Roy's conduct at the January 25, 2013 hearing justify the issuance of an order of protection. As such, the reference to excluded evidence is harmless error. See Ind. Trial Rule 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Roy has not made a prima facie showing of reversible error.

**Conclusion**

Because there is sufficient evidence of domestic violence to support the issuance of the order of protection, the trial court properly denied Roy's motion to correct error. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.