## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 28 2015, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melissa Roberts Gannon, <br> *Appellant-Respondent,* <br><br> v. <br><br> Jesus A. Gomez-Rocha, <br> *Appellee-Petitioner,* | May 28, 2015 <br><br> Court of Appeals Case No. <br> 38A02-1411-JP-822 <br><br> Appeal from the Jay Circuit Court <br><br> The Honorable Brian D. Hutchison, Judge <br><br> Case No. 38C01-1212-JP-59 |

**Vaidik, Chief Judge.**

## Case Summary

[1]   Melissa Roberts Gannon ("Mother") appeals the trial court's order finding her in contempt of court. She contends that the evidence is insufficient to show that she committed contempt. She also argues that a special judge should have heard her contempt case. But the evidence shows that for two weeks in October

and November 2014, Mother refused to return her son to his father, who had sole legal and physical custody of the child. Because Mother willfully disobeyed a court order, she is guilty of contempt, and she was not entitled to a special judge for the same reason. We affirm.

# Facts and Procedural History

[2] Mother and Jesus A. Gomez-Rocha ("Father") have one child together, J.R. Father has legal and physical custody of J.R. by court order. There is no parenting-time order in place, but Father permitted Mother to exercise parenting time every other weekend and for one day each week.

[3] In October 2014 Father informed Mother that he would be on house arrest for thirty days and would be unable to transport J.R. to or from Mother's home for parenting time. Mother transported J.R. to and from Father's house without incident for a short period of time; however, on October 22, 2014, Mother failed to return J.R. to Father's home after her weekend parenting time. Father contacted Mother and asked her to return J.R., but Mother refused. Because he was on house arrest, Father was unable to leave the house and retrieve his son. Although Father reminded Mother that he was on house arrest, Mother still refused to bring J.R. to Father's home.

[4] Father filed a contempt petition on October 27, 2014. The trial court held a hearing on November 5, 2014, and both parties appeared pro se. At the hearing, Mother admitted that she had not returned J.R. to Father's care, but

argued that Father should have met her at a local restaurant to pick up J.R. as he had done on past occasions. *See* Tr. p. 28-29.

[5] The trial court found Mother in contempt. Its written order states: "The Court finds . . . Mother . . . in direct contempt of court for knowingly violating the court order by refusing to return the child, [J.R.], to his custodial parent." Appellant's App. p. 6.

[6] Mother now appeals.

# Discussion and Decision

[7] Mother challenges the trial court's order finding her in contempt. She contends that the evidence is insufficient to show that she committed contempt. She also argues that a special judge should have heard her contempt case.

[8] As a threshold matter, Father has not filed an appellee's brief. Under that circumstance, we will not develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

[9] "Contempt of court involves disobedience of a court which undermines the court's authority, justice, and dignity." *Lasater v. Lasater*, 809 N.E.2d 380, 386 (Ind. Ct. App. 2004) (citation omitted). "It includes any act that tends to deter the court from the performance of its duties." *Id.* Willful disobedience of any lawfully entered court order of which the offender had notice constitutes indirect contempt. *Id.* By contrast, direct contempt "includes those actions

occurring near the court, interfering with the business of the court, of which the judge has personal knowledge." *In re Haigh*, 7 N.E.3d 980, 989 (Ind. 2014).

[10] The determination of whether a party is in contempt of court is a matter entrusted to the trial court's sound discretion. *Mitchell v. Mitchell*, 785 N.E.2d 1194, 1198 (Ind. Ct. App. 2003). We will reverse the trial court's finding of contempt only where an abuse of discretion has been shown, which occurs only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* When we review a contempt order, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

[11] The trial court found that Mother committed *direct* contempt. *See* Appellant's App. p. 6. On appeal, Mother argues that this was error because "there was no allegation or finding that Mother acted out in some way before the trial court." Appellant's Br. p. 10. We agree that Mother's actions did not constitute direct contempt. Mother is guilty, however, of *indirect* contempt: Father has sole legal and physical custody of the parties' son J.R., and Mother had no legal authority to remove J.R. from Father's home and refuse to return him for two weeks. When she did so, she flouted the court order that granted Father sole custody of their child, and her actions constitute indirect contempt.

[12] Recognizing that her contempt "was indirect in nature," Appellant's Br. p. 12, Mother argues that she was entitled to a special judge under the indirect-contempt statute. Indiana Code section 34-47-3-7 does require the appointment of a special judge in certain indirect-contempt proceedings. But Section 34-47-

3-7 expressly excludes "indirect contempts growing out of willfully resisting, hindering, delaying, or disobeying any lawful process or order of court."  Ind. Code § 34-47-3-7(b).  Because Mother willfully disobeyed the court order granting Father sole custody of J.R., she was not entitled to a special judge.

[13]     Affirmed.

Kirsch, J., and Bradford, J., concur.