## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 16 2020, 8:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark F. James
Anderson, Agostino & Keller, P.C.
South Bend, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| C.N.,<br>*Appellant-Respondent,*<br><br>v.<br><br>K.B.,<br>*Appellee-Petitioner* | December 16, 2020<br><br>Court of Appeals Case No.<br>20A-AD-1361<br><br>Appeal from the St. Joseph<br>Probate Court<br><br>The Honorable<br>Jason Cichowicz, Judge<br><br>Trial Court Cause No.<br>71J01-1906-AD-64 |

**Vaidik, Judge.**

# Case Summary

[1]     C.N. appeals the trial court's judgment that his consent to the adoption of

        T.G.D. ("Child") was irrevocably implied. We affirm.

# Facts and Procedural History

[2] S.B. ("Mother") is the biological mother of Child, born in March 2016. Mother believed C.N. to be Child's biological father, but C.N. was not present for the birth or listed on the birth certificate. Sometime after Child was born, Mother "notified" C.N. and his mother that he is the father of Child. Tr. Vol. II p. 22. However, C.N. had no contact with Child and paid no child support, and paternity was never established. He also never registered with the putative-father registry.

[3] In April 2019, when Child was three years old, Mother married K.B. ("Stepmother"). In June, Stepmother filed a petition for adoption. Mother executed a consent to the adoption and gave the adoption attorney C.N.'s name. However, Mother did not provide C.N.'s address because she "did not have that information[.]" *Id.* at 20. The adoption attorney and his legal assistant located a potential address for C.N. online and, on July 9, 2019, sent notice of Stepmother's intent to adopt Child to that address, which was C.N.'s parents' home. *See* Exs. A, B. This notice purported to be sent in compliance with the form in Indiana Code section 31-19-4-5, but it did not include the last two sentences of the form: "This notice complies with IC 31-19-4-5 but does not exhaustively set forth a putative father's legal obligations under the Indiana adoption statutes. A person being served with this notice should consult the Indiana adoption statutes." Ind. Code § 31-19-4-5.

[4] In July 2019, C.N. was incarcerated, but his parents told him about the notice. On July 31, C.N. filed a motion to contest the adoption. In August, the trial court appointed C.N. an attorney. A hearing on the motion to contest was held in March 2020. Stepmother argued C.N. could not contest the adoption because—under the putative-father-registry statutes—his consent to the adoption was irrevocably implied when he failed to register with the putative-father registry within the required period. *See* Ind. Code § 31-19-5-18. C.N. countered the putative-father-registry statutes did not apply to him and therefore his consent was not irrevocably implied under them. Specifically, C.N. argued the statutes do not apply when the mother knows the putative father's name and address, and thus the statutes did not apply to him because he claimed Mother knew his name and address. *See* Ind. Code § 31-19-5-1(b) (stating the putative-father-registry statutes do not apply when "on or before the date the child's mother executes a consent to the child's adoption, the child's mother discloses the name and address of the putative father to the attorney or agency that is arranging the child's adoption.").

[5] In June, the trial court denied C.N.'s motion to contest, finding (1) the putative-father-registry statutes applied to C.N. because Mother did not know his address when she executed the consent to Child's adoption and (2) C.N.'s consent to the adoption was irrevocably implied because he did not register with the putative-father registry within the required period. Appellant's App. Vol. II p. 64. The following month the trial court granted Stepmother's petition for adoption.

[6] C.N. now appeals.

# Discussion and Decision

[7] At the outset, we note Stepmother did not file an appellee's brief. Under that circumstance, we do not undertake to develop the appellee's arguments. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). Rather, we will reverse upon an appellant's prima facie showing of reversible error. *Id.*

[8] C.N. first argues his due-process rights were violated because the "Notice sent by [Stepmother] did not fully comply with the Form of Notice required by I.C. 31-19-4-5." Appellant's Br. p. 7. It appears C.N., as an unregistered putative father, was not even entitled to notice of the adoption. *See* Ind. Code §§ 31-19-4-6, 31-19-5-18. But even if he was, Stepmother's failure to strictly comply with the form in Section 31-19-4-5 did not violate his due-process rights.

[9] The notice sent to C.N. omitted the last two sentences of the form in Section 31-19-4-5. However, the statute "requires substantial compliance with the form of notice, not strict compliance." *In re Paternity of M.G.S.*, 756 N.E.2d 990, 1001 (Ind. Ct. App. 2001), *trans denied*. Substantial compliance with the notice provision is "sufficient if the party receives notice which achieves that purpose for which the statute was intended." *In re Adoption of J.T.A.*, 988 N.E.2d 1250, 1257 (Ind. Ct. App. 2013) (quoting *In re Paternity of Baby Girl*, 661 N.E.2d 873, 877 (Ind. Ct. App. 1996)), *trans. denied*. We have found insufficient notice where deviations from the statutory form are misleading or omit materially significant

elements. *See Baby Girl*, 661 N.E.2d at 878 (notice deficient because it misled putative father "as to what was required of him"); *J.T.A.*, 988 N.E.2d at 1257 (notice deficient because biological parent was not notified she must act within thirty days or her consent would be implied). But that is not the scenario here. The notice makes clear Stepmother intended to adopt Child and that C.N. had to act within thirty days to protect his rights. C.N. makes no argument as to how the omission of these lines misled him or failed to give him sufficient notice. Indeed, C.N. filed a motion to contest within thirty days and was appointed an attorney who represented him at the hearing. C.N.'s due-process rights were not violated.

[10] C.N. next argues the trial court erred in "ruling that his consent to the adoption was irrevocably implied" because "[M]other committed fraud by failing to disclose [his] address." Appellant's Br. p. 6. He compares his case to *In re the Adoption of L.G.K.*, 113 N.E.3d 767 (Ind. Ct. App. 2018), *trans. denied*, in which this Court affirmed the trial court's decision to grant the putative father's motion for relief from judgment based on the mother's fraud. There, the mother fraudulently asserted to the trial court she did not know the identity of her child's father. Here, however, there is no evidence that fraud occurred. C.N. asserts Mother knew his address and fraudulently withheld this information, but he does not support this contention with any evidence in the record. In contrast, Mother testified she provided the adoption attorney with C.N.'s name but did not know his address. The attorney and the attorney's assistant produced affidavits stating Mother did not provide them with Father's address

and they found his parents' address online themselves. *See* Exs. A, B. We find no evidence of fraud and thus no prima facie showing of reversible error.

[11] Affirmed.

Brown, J., and Pyle, J., concur.