NELL E. MIMS *v.* COMMERCIAL CREDIT CORPORATION.

[No. 374S57. Filed March 13, 1974.]

*David F. Shadel* and *David S. Walker,* of Indianapolis, for appellant.

*Steven H. Ancel,* of Indianapolis, for appellee.

HUNTER, J.—This case raises serious questions concerning garnishment proceedings in Indiana. We have accordingly granted transfer in order to address these questions and to delineate procedures which we believe to be most consistent with principles of equity and justice. Although we, in effect, adopt a legal position favorable to appellant, we seriously question appellant counsel's motives in perfecting this appeal. This matter will be discussed in greater detail below, along with the issues presented for review.

Plaintiff-Appellee obtained a money judgment against the defendant-appellee for her default upon a retail installment sales contract. Appellee, subsequent to judgment, sought and obtained a garnishment order in proceedings supplemental to execution. Subsequent to the overruling of appellant's motion to correct errors, appellant filed her notice of appeal and her motion to proceed as a poor person, in the trial court. Her motion was duly granted. In support of said motion, appellant filed an affidavit which reads in part as follows:

> "That her net weekly average wages and income is approximately fifty-seven dollars ($57.00) and that all of this amount is necessary to support herself, her husband (who is no longer employed) and their three (3) minor children and to provide them with the basic necessities of life."

The Court of Appeals, Second District, affirmed the judgment of the trial court.

The following issues are raised by the appellant:

1. Whether the UCCC garnishment exemption (IC 1971, 24-4-5-5-105 (Ind. Ann. Stat. § 19-25-105 [1973 Supp.])) repealed the resident-householder exemption. (IC 1971, 34-2-28-1 (Ind. Ann. Stat. § 2-3501 [1968 Repl.]))

2. If the resident-householder exemption is operative, whether the burden rests on the debtor-defendant to claim said exemption.

The trial court entered the garnishment order pursuant to the UCCC exemption provision. That provision establishes *maximum* amounts a creditor can reach through garnishment of weekly wages. The formula provides that the first $48.00 of an individual's disposal earnings (net weekly income) is exempted, but that 25% of all disposable earnings in excess of $48.00 can be reached. The UCCC, in effect, allows all debtor-defendants a basic exemption by setting a garnishment ceiling. The resident-householder exemption, on the other hand, allows only a *particular class* of debtor-defendants an exemption.

In order to qualify for the resident-householder exemption, two basic requirements must be satisfied. First, the debtor-defendant's resident householder status must be established. Second, the debtor-defendant's indebtedness must arise out of a contractual obligation. Once these prerequisites are met, the debtor-defendant is entitled to exempt 90% of all net weekly income in excess of $15.00. The first $15.00 is totally exempt.

After examining the statutes in question, we believe that the UCCC neither expressly nor impliedly repealed the resident-householder exemption. The UCCC contains no general repealing clause nor is the resident-householder exemption specifically repealed. The authorities are legion in their disapproval of repeal by implication. The doctrine of implied repeal should only be resorted to in those instances where two statutes irreconcilably conflict. *Medias et al.* v. *City of Indpls.* (1939), 216 Ind. 155, 23 N. E. 2d 590. We are unable to perceive any such incurable repug-

nancy. On the contrary, we view the UCCC garnishment formula and resident-householder exemption as complementary approaches to the garnishment of wages; statutes *pari materia.*

A debtor-defendant, who satisfies the resident-householder requirement and whose indebtedness flows from a contractual breach, should have the protection of whichever garnishment exemption results in the least amount of garnished income. The UCCC provides that *no garnishment* may *exceed* 25% of all disposable weekly earnings in excess of $48.00. Of course, there will be instances when the UCCC formula should (and *must*) be employed in determining a bona fide resident-householder's weekly garnishable income. The UCCC commands this result. In fact, the case at bar represents such an instance. The aforequoted affidavit states that the appellant's net weekly earnings are approximately $57.00. Based on the UCCC computation (the computation utilized by the trial court), the appellant's garnishable income is $2.25 per week. If, however, the resident-householder exemption is applied, $4.20 per week should be deducted from her weekly wages. Therefore, it would appear that the trial court correctly assessed and applied the appropriate law of garnishment in this case.

In the face of the above mathematical reality, appellant's counsel seeks a reversal of the garnishment order entered by the trial court. It is this apparent anomaly which has caused us to question the sincerity, or at least the motives, of counsel in instituting this appeal. Lawyers are charged with the *duty* to zealously represent their client within the **bounds of the** law. Canon 7, *Code of Professional Responsibility.* Counsel, in this case, appears to be more concerned with obtaining a definitive statement of the law than with furthering the interests of his client. In fact, if we were to reverse the garnishment order and instruct the trial court to enter another order pursuant to the resident-householder exemption, the appellant would be substantially damaged.

The Court of Appeals held that the resident-householder exemption must be asserted by the claimant at an appropriate time during proceedings supplemental.[1] Since, in this case, no such affirmative claim was interposed by the appellant at the appropriate time, the Court of Appeals concluded that the trial court had acted properly. The Court based its holding on a careful analysis of existing statutory and decisional law.[2] This Court is of the opinion that the Court of Appeals correctly ascertained the general rule regarding the claiming of garnishment exemptions, although the case law is less than clear. However, we do believe that this general rule should admit of exceptions and modifications consistent with fairness and practical realities.

Garnishment exemption statutes in Indiana have constitutional underpinnings. Article 1, Section 22—Exemption—Imprisoment for debt—provides that foundation:

"The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted . . ."

It is not without significance that Article 1 enumerates the Bill of Rights. A debtor, in Indiana, has a *constitutional right* to have a reasonable amount of his or her property exempted from garnishment. Garnishment exemptions merely implement that right.

In order to preserve the integrity of garnishment exemptions and insure full enjoyment of a constitutional right, we prescribe the following procedure:

If a debtor-defendant is represented by counsel during proceedings supplemental, the burden is upon the debtor to

---

1. During the proceedings supplemental, appellant failed to introduce any evidence relating to her financial condition. The aforequoted affidavit was filed subsequent to the garnishment order.

2. The Court of Appeals acknowledged the fact that the cases upon which it relied involved *real* and *personal property* exemptions and not exemption of *wages* from garnishment. However, we believe the analogy is analytically sound.

affirmatively interpose the resident-householder claim. This, of course, is the general rule cited by the Court of Appeals. If, however, a debtor-defendant is *not* represented by counsel, the trial court must determine: (1) whether the debtor is a resident-householder, and (2) if the debtor is a resident-householder, which exemption (either the UCCC or resident-householder) would be least burdensome on the debtor. The trial court, after due consideration of these matters, shall enter the appropriate garnishment order, being always mindful of the fact that the amount garnished shall never execeed 25% of disposable weekly earnings in excess of $48.00.

For all the foregoing reasons, transfer is hereby granted and the judgment of the trial court is affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 307 N. E. 2d 867.