**INDIANA SURGICAL SPECIALISTS,**
**Appellant–Plaintiff,**

v.

**Helen GRIFFIN and MDS Courier Service, Inc., Appellee–Garnishee–Defendant.**

**No. 02A03–0608–CV–370.**

Court of Appeals of Indiana.

May 31, 2007.

Jack E. Roebel, Fort Wayne, IN, Attorney for Appellant.

Benjamin C. Fultz, Tachau Maddox Hovious & Dickens PLC, Louisville, KY, Attorney for MDS Courier Service, Inc.

Attorney for Appellee.[1]

## OPINION

MAY, Judge.

Indiana Surgical Services ("Indiana Surgical") appeals the small claims court's decision that the earnings Helen Griffin received as an independent contractor for MDS Courier Services ("MDS") could not be garnished. Although Griffin was an independent contractor, she received periodic payments for her personal services, which payments were earnings that could be garnished.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

In March 2001, Indiana Surgical obtained a default judgment against Griffin. In 2005, Indiana Surgical learned Griffin worked for MDS. It filed a motion for proceedings supplemental and named MDS as garnishee-defendant. MDS did not respond to the motion or answer interrogatories included with the motion. On December 16, 2005, after MDS failed to appear, the small claims court issued a Garnishment Order. The order required MDS to "withhold from the earnings of" Griffin, (App. at 12), the appropriate amount until the total debt was paid.

On December 29, 2005, MDS responded to the order in a letter to the clerk of the court:

JMB–MDS Courier Services, Inc. employs drivers on a "contract" basis, therefore, drivers are not actual employees, but rather "contracted" to do a particular job. Because of this, we are not

---

1. Helen Griffin is not represented on appeal.

responsible for any payroll deductions including garnishments.

It is therefore the sole responsibility of the individual to make such restitutions.

(*Id.* at 14.)

On June 23, 2006, Indiana Surgical sought to have MDS held in contempt because it had not garnished its payments to Griffin. At a hearing in July 2006, Dawn Klingenberger, the manager of the local MDS office, testified Griffin was a subcontractor of MDS and MDS called her as needed.[2] Griffin was compensated per job at "thirty-five percent of whatever she does," (Tr. at 7), and paid on a bi-weekly basis. After the hearing, the small claims court entered the following order: "The Court finds that [MDS] is not in contempt of the previously issued Garnishment Order. [MDS] presented evidence that the judgment debtor is a subcontractor, and not an employee. [Indiana Surgical] may pursue and [sic] Order of Attachment against [MDS]." (App. at 19.)

## DISCUSSION AND DECISION

Indiana Surgical argues the trial court erred by declining to enforce the garnishment order issued to MDS on the ground Griffin was a "subcontractor" and not an employee of MDS. Indiana Surgical asserts the trial court's "distinction between wages subject to withholding and other earnings" is not supported in law. (Appellant's Br. at 8.) Under the facts of this case, we agree.

Garnishment refers to "any legal or equitable proceedings through which the earnings of an individual are required to be withheld by a garnishee, by the individual debtor, or by any other person for the payment of a judgment." Ind.Code § 24–4.5–5–105(1)(b). The "garnishment of the earnings of an individual," Ind.Code § 24–4.5–5–102, is addressed in Ind.Code ch. 24–4.5–5.

Earnings are "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments under a pension or retirement program." Ind.Code § 24–4.5–1–301(9). In discussing the federal counterpart to the Indiana statute,[3] the Supreme Court stated: "There is every indication that Congress, in an effort to avoid the necessity of bankruptcy, sought to regulate garnishment in its usual sense as *a levy on periodic payments of compensation* needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Kokoszka v. Belford,* 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (emphasis added), *reh'g denied* 419 U.S. 886, 95 S.Ct. 160, 42 L.Ed.2d 131 (1974).

Griffin received "periodic payments of compensation" for her personal services as a courier. These payments were earnings[4] that could be garnished through a

2. MDS is a courier service, delivering "mainly just medical through the hospitals and so forth." (Tr. at 6.)

3. Indiana Code art. 24–4.5 is known as the Uniform Consumer Credit Code. It is derived from the federal Consumer Credit Protection Act, which is codified at 15 U.S.C. § 1601 *et seq.* The specific provisions addressed in *Kokoszka* are found in 15 U.S.C. § 1672. Section 1672(a), defining earnings, is identical to Ind.Code § 24–4.5–1–301(9).

4. In *Fisher Body v. Lincoln Nat'l Bank & Trust Co. of Fort Wayne,* 563 N.E.2d 149, 151 (Ind.Ct.App.1990), we held a lump sum severance payment made to an employee does not fall within the statutory meaning of "earnings" or "disposable earnings" because it was not a periodic payment of compensation. Accordingly, the employer was not required to garnish the lump sum when the garnishment order specified earnings. Relying on *Fisher,* MDS argues the "per-job payments made to Ms. Griffin do not constitute earnings" be-

garnishment order. The trial court erred to the extent it held otherwise. We reverse and remand for further proceedings including, but not limited to, a determination of MDS's liability for payments made to Griffin after Indiana Surgical acquired an equitable lien upon service of process in proceedings supplemental. In light of our holding, the trial court should also determine whether MDS should be held in contempt of the garnishment order.

Reversed and remanded.

NAJAM, J., and MATHIAS, J., concur.

cause "they are compensation for individual jobs that Ms. Griffin performs." (Appellee's Br. at 8.) Because Griffin was paid on a bi-weekly basis for her work, we are unable to agree with MDS's suggestion she received lump sum payments rather than earnings.