# FOR PUBLICATION



FILED
Feb 14 2013, 8:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GLENN S. VICIAN**
Bowman Heintz Boscia & Vician, P.C.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMERICAN ACCEPTANCE CO., LLC., | ) | |
| as Assignee of WASHINGTON MUTUAL | ) | |
| FINANCE, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 42A04-1208-CC-466 |
| | ) | |
| MELISSA WILLIS, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE KNOX CIRCUIT COURT
The Honorable Robert L. Arthur, Senior Judge
Cause No. 42C01-0905-CC-332

**February 14, 2013**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

American Acceptance Co., LLC, as assignee of Washington Mutual Finance ("American Acceptance"), appeals the trial court's denial of its motion for a garnishment order against Melissa Willis. We affirm.

## Issue

American Acceptance raises one issue, which we restate as whether the trial court properly denied its motion for a garnishment order against Willis.

## Facts

In May 2009, American Acceptance filed a complaint against Willis alleging that she owed $1855.50 for goods and/or services. The trial court entered a default judgment against Willis in August 2009. In June 2012, American Acceptance filed a motion for proceedings supplemental. Western Southern Financial Group ("Western Southern") answered interrogatories and affirmed that Willis was an employee of the company and had an "average weekly gross income" of $724.38. App. p. 18.

On August 10, 2012, Willis appeared at the proceedings supplemental hearing, and American Acceptance requested a garnishment order against Willis. Willis testified that she had been employed by Western Southern for four months, that she made a salary of $500 per week for the first eight weeks, and that she was now paid solely on commissions. Her highest bi-weekly net paycheck had been $1200. Willis was supporting her two children and her husband, who had been charged with theft and

2

possession of a firearm by a serious violent felon. Her husband was out on bond, and they had posted a $25,000 cash bond for his release. Willis testified that she was signing up for food stamps, that her student loans were coming due, and that she did not have any assets. Willis suggested that American Acceptance be paid out of the bond money when her husband's criminal charges were settled.

The trial court issued an order denying American Acceptance's motion for garnishment. The trial court found that Willis did "not have substantial income to allow a wage garnishment order." App. p. 19. The trial court also ordered that the Clerk of the Knox Circuit/Superior Court "is not to release the bond in Cause Number 42D01-1010-FB-139, State vs. Todd Willis, until a hearing can be held in this cause of action for purposes of settlement." Id. American Acceptance now appeals.

**Analysis**

American Acceptance argues that the trial court improperly denied its motion for a garnishment order. We initially note that Willis did not file an appellee's brief. When an appellee fails to submit a brief, we will not undertake the burden of developing arguments for the appellee. Ramsey v. Ramsey, 863 N.E.2d 1232, 1237 (Ind. Ct. App. 2007). In these situations, we apply a less stringent standard of review with respect to showings of reversible error, and we may reverse the trial court's decision if the appellant can establish prima facie error. Id. In this context, prima facie error is defined as "at first sight, on first appearance, or on the face of it." Id.

American Acceptance argues that the trial court erred because, even though Willis had funds that were subject to garnishment, the trial court failed to grant the garnishment

3

order. Garnishment is defined as "any legal or equitable proceedings through which the earnings of an individual are required to be withheld by a garnishee, by the individual debtor, or by any other person for the payment of a judgment." Ind. Code § 24-4.5-5-105(1)(b). Exemption statutes are construed liberally. Branham v. Varble, 952 N.E.2d 744, 748 (Ind. 2011). Indiana Code Section 24-4.5-5-105(2) limits the amount that can be garnished from any single workweek to the lesser of twenty-five percent of that week's disposable earnings or the amount of that week's disposable earnings that exceeds thirty times the federal minimum hourly wage. Id. at 747-48. Disposable earnings are defined as "that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld." I.C. § 24-4.5-5-105(1)(a); Branham, 952 N.E.2d at 748.

American Acceptance claims that, under the Indiana Code Section 24-4.5-5-105 calculation, Willis had income that was subject to garnishment and, thus, the trial court was required to order the garnishment. "The trial court has broad discretion in conducting proceedings supplemental." Kirk v. Monroe County Tire, 585 N.E.2d 1366, 1370 (Ind. Ct. App. 1992). Further, Indiana Code Section 24-4.5-5-105 does not mandate that the trial court order garnishment if the debtor has available non-exempt income. Rather, the statute merely defines the non-exempt income and the maximum amount subject to garnishment. Indiana Code Section 34-55-8-7(a) is also relevant here. That statute governs proceedings supplemental and provides:

> After a hearing of which the judgment debtor has been notified, the court may order:

4

(1) any property, income, or profits of the judgment debtor not exempt from execution or process, in the hands either of the judgment debtor or of any other person; or

(2) any debt due to the judgment debtor;

to be applied to the satisfaction of the judgment and forbid transfers of property and choses in action.

(emphasis added).

Thus, the trial court "may order" the garnishment of the debtor's income to be applied to satisfy the judgment. I.C. § 34-55-8-7(a). The trial court here was not <u>required</u> to order garnishment of Willis's income. Instead, it was within the trial court's discretion to do so. The trial court chose to order that the Clerk of the Knox Circuit/Superior Court "not to release the bond in Cause Number 42D01-1010-FB-139, State vs. Todd Willis, until a hearing can be held in this cause of action for purposes of settlement." App. p. 19. Given Willis's circumstances, the trial court did not abuse its discretion. Consequently, the trial court did not err when it denied American Acceptance's motion for a garnishment order.

## Conclusion

The trial court properly denied American Acceptance's motion for a garnishment order. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.

5