**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL E. COOK**
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CREDITMAX, INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03A05-1211-CC-598 |
| | ) | |
| STEVE D. JONES, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Kathleen Tighe Coriden, Judge
The Honorable Joseph W. Meek, Magistrate
Cause No. 03D02-1111-CC-6267

**May 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following proceedings supplemental in which Creditmax, Inc. ("Creditmax") sought to collect upon a judgment that had been entered against Steve D. Jones ("Jones"), Creditmax filed this interlocutory appeal challenging the trial court's order that entered a "limited" garnishment of Jones's wages in the amount of twenty dollars per week in favor of Creditmax. Creditmax raises two issues that we consolidate and restate as: whether the trial court abused its discretion when it entered a limited garnishment of Jones's wages.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In April 2008, Jones entered into a retail installment contract ("Contract") for the purchase of an automobile. Jones did not pay on the Contract as agreed. In November 2011, Creditmax, as assignee, filed a complaint against Jones, seeking judgment in the amount of $6,066.42. Creditmax filed a motion for summary judgment, which the trial court granted and entered judgment against Jones in the amount of $6,066.42. The trial court set the matter for proceedings supplemental hearing, at which Creditmax, and thereafter the trial court, made inquiries to Jones concerning his wages, his assets, and his liabilities. Jones testified that he was employed by Cummins, earning $15.00 per hour and averaging 32 hours per week, estimating that he "barely bring[s] home" $300.00 per week. *Tr.* at 9. Jones stated that he was under an existing garnishment order of $20.00 per week for prior hospital bills. Additionally, $100.00 per week was being taken out of his paycheck to pay for his truck. Jones offered to pay that $100.00 per week to Creditmax as soon as the truck was paid in full, which he anticipated would be in June 2013. He also testified that payments on another

2

vehicle, which "[he] bought against [his] retirement," were being taken out of his paycheck each week. *Id*. at 10. The payments on that vehicle were a percentage of his wages, so the payment fluctuated, but was approximately $26.00 per week.

Jones explained that the money owed to Creditmax was for his former wife's car and that for the last several years he had been "trying to get [] all this stuff paid off[.]" *Id*. Jones testified to not having a checking account or owning real estate or vehicles. Jones stated that his rent was $650.00 per month and that his daughter, who was not employed, and her two children were living with him.

Creditmax moved for a final order in garnishment. The trial court stated:

> They're asking for the full twenty-five percent (25%) of your take home pay. The court would find that that would be a hard hardship in this case just given the facts. . . . We're going to Order as of now a limited Order [] on Final Garnishment for Twenty Dollars ($20.00) per week be entered in this case with [] a review hearing in June once the other debt is paid and then we'll go from there.

*Tr*. at 13. Creditmax objected to the "limited" garnishment, asserting that the trial court was bound to order garnishment in an amount consistent with Indiana's Uniform Consumer Credit Code[1] statutes. The trial court subsequently issued a written order consistent with its findings at the hearing, and Creditmax now appeals.

## DISCUSSION AND DECISION

Creditmax asserts that the trial court erred when, following the proceedings

---

[1] Indiana Code article 24-4.5 is known as the Uniform Consumer Credit Code. It is derived from the federal Consumer Credit Protection Act, which is codified at 15 U.S.C. § 1601 *et seq*. *Indiana Surgical Specialists v. Griffin*, 867 N.E.2d 260, 261 n.3 (Ind. Ct. App. 2007).

3

supplemental, it entered a "limited" garnishment in the amount of twenty dollars per week. Proceedings supplemental are designed as a remedy where a party fails to pay a money judgment. *Fifth Third Bank v. Peoples Nat'l Bank*, 929 N.E.2d 210, 214 (Ind. Ct. App. 2010). Our system vests trial courts with broad discretion in conducting proceedings supplemental. *Id.* (citing *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 668-69 (Ind. Ct. App. 2008)). We will not disturb a trial court's judgment regarding a proceedings supplemental unless the record does not provide sufficient support for any theory on which the judgment may be sustained. *Id.*

As a preliminary matter, we note that Jones did not file an appellee's brief. Under that circumstance, we do not undertake the burden of developing arguments for the appellee. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011); *Am. Acceptance Co. LLC v. Willis*, 984 N.E.2d 653, 654 (Ind. Ct. App. 2013). Rather, we apply a less stringent standard of review with respect to showings of reversible error, and we may reverse the trial court's decision if the appellant can establish prima facie error. *Am. Acceptance*, 984 N.E.2d at 654. Prima facie error is defined as "'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Ramsey v. Ramsey*, 863 N.E.2d 1232, 1237 (Ind. Ct. App. 2007)).

Indiana Trial Rule 69(E) allows a judgment debtor to be called to court "to answer as to his non-exempt property subject to execution or proceedings supplemental to execution or to apply any such specified or unspecified property towards satisfaction of the judgment." Indiana Code Section 34-55-8-7(a) governs proceedings supplemental, and it provides:

> After a hearing of which the judgment debtor has been notified, the court may order:

4

(1) any property, income, or profits of the judgment debtor not exempt from execution or process, in the hands either of the judgment debtor or of any other person; or

(2) any debt due to the judgment debtor;

to be applied to the satisfaction of the judgment and forbid transfers of property and choses in action.

A garnishment is a means by which a judgment creditor seeks to reach property of a judgment debtor in the hands of a third person, so that the property may be applied in satisfaction of the judgment. *Fifth Third Bank*, 929 N.E.2d at 214 (citing *Freidline v. Thomalla,* 852 N.E.2d 17, 20 (Ind. Ct. App. 2006)). Our General Assembly has enacted multiple exemption statutes sheltering certain property and income from attachment.[2] *Branham*, 952 N.E.2d at 747. The general rule of civil litigation is that these exemptions must be asserted by the debtor. *Id*. (citing *Mims v. Commercial Credit Corp.,* 261 Ind. 591, 307 N.E.2d 867 (1974)). However, Indiana courts have held that there should be exceptions and modifications to that general rule "consistent with fairness and practical realities." *Mims*, 307 N.E.2d at 869. For instance, an unrepresented defendant in small claims court does not necessarily forfeit ordinary statutory exemptions even if he or she fails to raise them. *See Branham*, 952 N.E.2d at 748 (holding general wage exemption and SSI exemption were

---

[2] Examples of property of a debtor domiciled in Indiana that is exempt from execution include: real estate or personal property constituting the personal or family residence of the debtor of not more than fifteen thousand dollars; other real estate or tangible personal property of eight thousand dollars; and intangible personal property, including deposit accounts and cash (but excluding debts owing and income owing) of three hundred dollars. Ind. Code § 34-55-10-2(c). Supplemental security income benefits are also exempt from legal process brought by creditors, as is disability income. 42 U.S.C. §§ 407(a), 1383(d)(1).

not lost due to failure of unrepresented debtor in small claims court to plead such exemptions).  Exemption statutes are construed liberally.  *Id.*

Indiana's UCCC provides for garnishment of only a portion of a debtor's disposable earnings and sets a limit on the amount that can be garnished.  Specifically, Indiana Code section 24-4.5-5-105(2) limits the amount that can be garnished from any single workweek to the lesser of:  (a) twenty-five percent of that week's disposable earnings or (b) the amount by which the debtor's disposable earnings for that week exceed thirty times the federal minimum hourly wage.[3]  Disposable earnings are defined as "that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld."  Ind. Code § 24-4.5-5-105(1)(a).

In this appeal, Creditmax asserts that the "limited" garnishment of twenty dollars per week is less than what it was entitled to receive pursuant to Indiana's garnishment statutes, noting that it "is unable to determine which exemption, if any, the trial court applied in the instant case," and that "the trial court seemingly arbitrarily set that amount[.]"  *Appellant's Br.* at 17, 18.  We, too, are concerned with the trial court's decision to order garnishment in the amount of twenty dollars per week, primarily because the trial court did not explain or identify how it arrived at that figure.  The record reflects that Jones was working at Cummins and was paid $15.00 per hour and generally worked 32 hours per week, such that his gross

---

[3] At all relevant times to this case, thirty times the federal minimum wage was $217.50 ($7.25 times thirty).  *Appellant's Br.* at 9.  Thus, under subsection 105(2)(b), the first $217.50 (thirty times minimum wage) of income per week was exempted from garnishment.  Ind. Code § 24-4.5-5-105(2)(b).

6

wages should have been approximately $480.00 per week. The record also reflected that his wages currently were being garnished in the amount of $20.00 per week for prior medical bills, and because this is an amount being withheld "by law," it is relevant to determination of his disposable earnings. Ind. Code § 24-4.5-5-105(1)(a) (defining disposable earnings as "that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld."). According to the record before us, Jones's paycheck information was not introduced into evidence, which would have reflected other sums being withheld by law from his paycheck, such as federal taxes or social security taxes that are relevant in determining Jones's disposable earnings. However, Jones testified that his net earnings were approximately $300.00 per week.

As we said above, Indiana Code section 24-4.5-5-105(2) limits the amount that can be garnished from any single workweek to the lesser of: (a) twenty-five percent of that week's disposable earnings or (b) the amount by which the debtor's disposable earnings for that week exceed thirty times the federal minimum hourly wage. Assuming without deciding that the trial court utilized that $300.00 per weekly net figure as being comparable to his disposable earnings, the available income subject to garnishment would be the lesser of: (a) $75.00 (25% of $300.00), or (b) $82.50 (the amount that $300.00 exceeds $217.50 – which is thirty times the federal minimum wage). The trial court's determination of $20.00 per week is notably less than $75.00, the lesser of the two figures.

7

That said, our colleagues in *Am. Acceptance* recently discussed the trial court's broad discretion to order garnishment, and in what amount, emphasizing that Indiana Code section 24-4.5-5-105 does not mandate that the trial court order garnishment if the debtor has available non-exempt income. *Am. Acceptance*, 984 N.E.2d at 655. Rather, the statute merely defines the non-exempt income and the maximum amount subject to garnishment. *Id.* Thus, even when non-exempt property is available for garnishment, the trial court may, but is not required to, order garnishment. *Id.* Here, the trial court heard the evidence, including Jones's other expenses, as well as his willingness to pay an additional $100.00 per week, currently being paid on his truck, once the truck was paid in full, which was expected to occur in June 2013, and the trial court set the matter for a review hearing at that time. Based on the wide latitude granted to the trial court, we conclude no abuse of discretion occurred in this case.

Affirmed.[4]

VAIDIK, J., and PYLE, J. concur.

---

[4] Creditmax also mentions the possibility that the trial court might have applied the resident-householder exemption and argues that, if it did, to do so was error because Jones did not assert that exemption or any other. While Indiana case law is clear that an unrepresented debtor in small claims court does not forfeit his exemptions, at least those "ordinary" ones, by failing to plead them, *see Branham*, 952 N.E.2d at 748, it is not entirely clear if the same holds true for an unrepresented defendant in plenary court, as Jones is in this case. Regardless, however, we see no error. The trial court never mentioned the resident-householder exemption, nor made inquiry regarding the two prongs of the test: (1) the debtor-defendant's resident householder status must be established, and (2) the debtor-defendant's indebtedness must arise out of a contractual obligation. *Mims v. Commercial Credit Corp.*, 261 Ind. 591, 593, 307 N.E.2d 867, 868 (1974). "Once these prerequisites are met, the debtor-defendant is entitled to exempt 90% of all net weekly income in excess of $15.00." *Id.* However, we see no evidence to indicate that the trial court intended to apply the resident-householder exemption to Jones.