**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK S. O'HARA**
Hostetter & O'Hara
Brownsburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GERSH ZAVODNIK, )
)
    Appellant-Plaintiff, )
)
        vs. ) No. 49A05-1211-CT-595
)
MICHELA RINALDI, et al., )
)
    Appellees-Defendants. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Patrick L. McCarty, Judge
Cause No. 49D03-1006-CT-27798

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Gersh Zavodnik appeals the trial court's dismissal of his case against Michela Rinaldi and others based on Zavodnik's failure to establish that he perfected service on the defendants, who reside in Italy. We affirm.

## Facts and Procedural History

As we stated in the previous appeal in this case, "Beginning in early 2008 and continuing into 2010, Zavodnik filed a series of twenty-seven complaints against various people and businesses. By order of the Executive Committee of the Marion County Superior Court, all of Zavodnik's cases were transferred to a single court." *Zavodnik v. Gehrt*, No. 49A02-1105-CT-393, 2012 WL 697152, at *1 (Ind. Ct. App. Mar. 1, 2012) (footnote omitted). In March 2011, Judge Timothy Oakes issued orders dismissing all twenty-seven cases pursuant to Indiana Trial Rule 41(E) based on Zavodnik's "failure to effectuate service upon the defendants in a timely manner" and failure to comply with various Marion County Local Rules.[1] *Id*. Zavodnik appealed those rulings, and those appeals were ultimately consolidated. Zavodnik, who had represented himself before the trial court, retained counsel for his appeal.

---

[1] Trial Rule 41(E) reads in pertinent part,

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing.

In March 2012, another panel of this Court held that Judge Oakes abused his discretion in dismissing three of Zavodnik's cases, including one against Michela Rinaldi, because no Trial Rule 41(E) dismissal hearing was ordered in those cases.[2] We reversed and remanded for further proceedings in those three cases and affirmed the dismissal of the twenty-four remaining cases. Judge Oakes recused himself from Zavodnik's cases, which were transferred to Judge Patrick McCarty.

On August 16, 2012, Zavodnik, pro se, filed a document entitled "ADDITIONAL INFORMATION (CLARIFICATION ON THE EXACT PROCEDURE DONE DURING THE PROPERLY COMPLETED AND EXECUTED, ENACTED AND EFFECTUATED SERVICE OF PROCESS ON THE DEFENDANTS MICHELA RINALDI [and others] IN SUPPORT OF AND TO BE COMBINED WITH THE PREVIOUSLY SUBMITTED PLAINTIFF'S AFFIDAVIT OF SERVICE OF PROCESS ON THE DEFENDANTS,"[3] as well as several exhibits. Appellant's App. at 7. On August 29, 2012, Judge McCarty held a Trial Rule 41(E) hearing, at which only Zavodnik appeared, pro se. At the beginning of the hearing, Judge McCarty said, "I guess I need clarification here on service on the Defendant

---

[2] The caption of Zavodnik's complaint lists the following defendants: "MICHELA RINALDI AKA MICHELE RINALDI AKA SCOTTO DI RINALDI MICHELE CIRO AKA SCOTTO RINALDI MICHELE AKA SCOTTI RINALDI MICHELE AKA SCOTTO DI RINALDI MICHELE." Appellant's App. at 100. The complaint alleges that "Defendants are residents of Italy, but do business in Indiana and Marion County by email, mail and solicit that business over the Internet" and that "Defendants are doing business as Michela Rinaldi." Id. The complaint further alleges that in November 2007, Zavodnik successfully bid on and paid for a shearling leather coat auctioned by Rinaldi on eBay and that he never received the coat.

[3] In that document, Zavodnik asserted that "the Indiana Court of Appeals, in their findings, has found that the Defendants Michela Rinaldi [and others] have been properly served with the service of process documents and their translations …." Appellant's App. at 14. We made no such finding regarding Zavodnik's case against Rinaldi. Also, we note that Zavodnik's affidavit of service does not appear in the record before us in this appeal.

3

so we can have jurisdiction. We need to show service on them – in Italy, I guess. So can you help me out a little bit with that?" Tr. at 1.[4] Referring to documents in the court's file, Zavodnik said, "[T]here are … exhibits attached here with the translations that shows service on the Defendants." *Id*. at 2. Zavodnik directed Judge McCarty's attention to certain pages and paragraphs of the various exhibits. Judge McCarty replied, "Okay. I'm going to go through the rest of the file, now that I know the specific spots you're talking about, and I'll get an order out to you." *Id*. at 5.

On September 13, 2012, Judge McCarty issued the following order:

> Comes now the Court, and having conducted a hearing on August 29, 2012, now FINDS and ORDERS:
>
> 1.      The Court of Appeals held that this cause was originally dismissed without hearing and ordered that further proceedings be held.
>
> 2.      There are various documents in the file which the Plaintiff purports to be proof of service but they are apparently in Italian, without translation.
>
> 3.      At the hearing the Plaintiff failed to show to the Court's satisfaction that service has been perfected on the Defendants.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this matter is dismissed per Trial Rule 41(e).

Appellant's App. at 6. This appeal ensued.

---

[4]  *See* Ind. Trial Rule 4(A) ("The court acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law."). We note that Zavodnik's counsel included a copy of the hearing transcript in the appellant's appendix in violation of Indiana Appellate Rule 50(F), which says, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

**Discussion and Decision**

Zavodnik, once again represented by counsel on appeal, challenges the trial court's dismissal of his case. We will reverse a trial court's dismissal of a case pursuant to Trial Rule 41(E) only upon an abuse of discretion. *Ind. Dep't of Natural Res. v. Ritz*, 945 N.E.2d 209, 213 (Ind. Ct. App. 2011), *trans. denied*.

> An abuse of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances. We will affirm the trial court if any evidence supports the trial court's decision. However, we view dismissals with disfavor, and dismissals are considered extreme remedies that should be granted only under limited circumstances.

*Id*. (citations and quotation marks omitted).

> We note that Rinaldi did not file an appellee's brief.

> When an appellee fails to submit a brief, we will not undertake the burden of developing arguments for the appellee. In these situations, we apply a less stringent standard of review with respect to showings of reversible error, and we may reverse the trial court's decision if the appellant can establish prima facie error. In this context, prima facie error is defined as "at first sight, on first appearance, or on the face of it."

*Am. Acceptance Co. v. Willis*, 984 N.E.2d 653, 654 (Ind. Ct. App. 2013) (citations omitted). "This standard prevents two evils that otherwise would undermine the judicial process." *Ponziano Constr. Servs., Inc. v. Quadri Enter., LLC*, 980 N.E.2d 867, 875 (Ind. Ct. App. 2012). "By requiring the appellant to show some error, we ensure that the court, not the parties, decides the law. By allowing the appellant to prevail upon a showing simply of prima facie error, we avoid the improper burden of having to act as advocate for the absent appellee." *Id*. at 875-76 (citation omitted).

The substantive portion of Zavodnik's argument reads as follows:

5

Despite the multiple filings of the documents which show service upon Rinaldi on August 11, 2010, Judge McCarty refused to acknowledge these documents, complaining that they were in Italian without English translations, which is contrary to the exhibits and documents provided as shown by the translations which provided [sic] on several occasions. Pursuant to the Hague Convention On The Service Abroad of Judicial and Extra-Judicial Documents, service of the Complaint, Summons, and Translations (all in (3) three copies) in this matter was effectuated by creating translations in Italian of the Complaint, and the Summons, by an official translator in Italy whose identity was noted on all documents translated by them ….

A Request for Service Abroad of a Judicial or Extra Judicial Documents was completed, which was then forwarded to the appropriate officials in the country of the individual upon whom service is requested. The Complaint, Summons, Pro Se Appearrance [sic] form of Zavodnik and translations were forwarded from Rome to the local officials under a cover document, which is returned upon service along with a Certificate of Service or Non Service of Documents under Article 10 of the Hague Convention.[5] The documents were then mailed from the officials in Naples, Italy to Zavodnik with the envelopes shown [in the appellant's appendix] along with a translation of the return address on the envelope.

Judge McCarty ignored the English translation of the Certificate of Service which was attached to the actual copy of the Certificate, first in Italian and then in English. Actual Certificate of Service example is [on page 61 of the appendix], and the Hague Convention Article 10 translation attached [on pages 62 through 65]. The English translation of this document starts on [page 63 of the appendix] with the "x" marking the items checked by the official on the original Certificate of Service. This process was repeated for the service of the alias named summons also, and all show service on the individual at the residence designated. These documents were returned and filed with the

---

[5] Article 10 of the Hague Convention, which is the only provision of the treaty specifically cited in Zavodnik's brief, reads as follows:

Provided the State of destination does not object, the present Convention shall not interfere with -
(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Marion County Superior Court first as exhibits to the Affidavit of Service and again in August 2012 in the filing which is reflected in the Appendix. While Judge McCarty may have wished the translations or documents to be in some other form, they are in English and were compiled by Italian officials pursuant to Article 10 of the Hague Convention. Zavodnik cannot control this and the lower court in its dismissal of this action is punishing Zavodnik for the form of the Italian official's compliance with Article 10 of the Hague Convention.

Pursuant to Trial Rule [4.1(A)[6]], service has been completed and the Certificate of Service clearly has the language set forth in Trial Rule [4.15(A)(1)[7]] that service was made upon the person, by delivery, personally to the person and the date of service August 11, 2010. It is unclear as to what more Judge McCarty could reasonably require and as such his decision to dismiss this matter is against the logic and facts as shown by these exhibits and his decision should be reversed.

Appellant's Br. at 4-6 (citations to appendix omitted).

Zavodnik then goes on to say,

The service through the means set forth in the international treaties is a process that is not taught in any law school, is rarely if ever used by attorneys or judges in the state courts and as a result there is vast unfamiliarity with these treaties. Zavodnik has done everything in accordance with the provision [sic] of the Hague Convention and could easily teach the bar of this state on the

---

[6] Indiana Trial Rule 4.1(A) provides,

Service may be made upon an individual, or an individual acting in a representative capacity, by:
(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
(2) delivering a copy of the summons and complaint to him personally; or
(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
(4) serving his agent as provided by rule, statute or valid agreement.

[7] Trial Rule 4.15(A) states in pertinent part,

The person making service shall promptly make his return upon or attach it to a copy of the summons which shall be delivered to the clerk. The return shall be signed by the person making it, and shall include a statement: (1) that service was made upon the person as required by law and the time, place, and manner thereof ….

7

treaties and the process, and the fact that these international treaties are supreme in power, authority, validity, or importance and therefore are to be recognized by every court in the United States. In our current age of worldwide commerce via the internet and other electronic means, service of process under these treaties will become more and more common place [sic] in today's global economy and the courts and attorneys of this state need to become accustom [sic] to these processes and understand their legal impact.

*Id*. at 7.

It may be true, as Zavodnik claims, that "service through the means set forth in the international treaties … is rarely if ever used by attorneys or judges in the state courts," and for that reason one might have expected Zavodnik to cite and/or quote from relevant federal cases, or even the relevant provisions of the Hague Convention itself, in order to enlighten the trial court and this Court on the subject. This he did not do. Instead, all we have are his unsupported self-serving claims that he properly filled out various forms that purportedly comply with the Hague Convention and that those forms were properly processed by Italian officials and properly delivered to Rinaldi, despite the apparent lack of certification or attestation as to the authenticity of the proffered documents. This is insufficient to establish prima facie error.[8] *See* Ind. Appellate Rule 46(A)(8)(a) (stating that an appellant's argument "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."); *Reed v. Reid*, 980 N.E.2d 277, 297 (Ind. 2012) ("Failure to comply with this rule results in waiver of

---

[8] Zavodnik also relies on unauthenticated emails purportedly written by Rinaldi to show that Rinaldi received the summons. These too are insufficient to establish prima facie error.

8

the argument on appeal.").  It appears that the forms are in both English and Italian, contrary to the trial court's finding, but that does not change the fact that Zavodnik failed to show to that court's (and to this Court's) satisfaction that service has been perfected on Rinaldi in accordance with Indiana law.  Therefore, we affirm the trial court's dismissal of Zavodnik's case against Rinaldi pursuant to Indiana Trial Rule 41(E).

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.