

FILED

Jan 31 2017, 9:20 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John William Davis, Jr.
Davis & Roose
Goshen, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Russell F. Dumka,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Lori Erickson and Edward Jones,<br><br>*Appellees-Defendants* | January 31, 2017<br><br>Court of Appeals Case No.<br>20A03-1605-PL-1178<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Terry C. Shewmaker, Judge<br><br>Trial Court Cause No.<br>20C01-1405-PL-000127 |

**Crone, Judge.**

## Case Summary

Russell F. Dumka appeals from the trial court's order denying garnishment of an individual retirement account inherited by Lori Erickson from her husband. Although he concedes that the asset is exempt from garnishment, he argues that the trial court erred by applying the statutory exemption because it was Lori's

burden to assert the exemption and she failed to do so. Concluding that the order complies with the evidence and the law, we affirm.

## Facts and Procedural History

In May 2014, Dumka and Craig Erickson (now deceased) each owned fifty percent of MIKO-Home Machine Co., Inc. Craig served as president, and Dumka served as vice-president. Craig's wife, Lori, served as secretary and treasurer. Craig, Lori, and Dumka constituted the board of directors. Dumka filed a stockholder's derivative action on behalf of MIKO against Craig and Lori, alleging that they had stolen property from MIKO and requesting that a receiver be appointed for MIKO. In July 2014, the trial court entered a default judgment ("the MIKO Judgment") in favor of MIKO and against the Ericksons jointly and severally for $2,124,132.24 plus attorney fees and court costs. In January 2015, the trial court issued an order approving the receiver's final accounting, conveying MIKO's tangible assets to Dumka, and assigning part of the MIKO Judgment to Dumka.

In December 2015, Dumka filed a motion for proceedings supplemental against Lori and naming Edward Jones as garnishee-defendant, seeking to recover the unpaid balance of $984,129.48 remaining under the MIKO Judgment. In January 2016, a hearing was held. Dumka appeared in person and by counsel, and Lori appeared pro se. Dumka submitted Edward Jones's answer to interrogatories, in which it indicated that it held in Lori Erickson's name an "Inherited Traditional Individual Retirement Account (IRA) … held for the benefit of Craig D. Erickson, C/O Lori L. Erickson," with an estimated value

of $51,115.02. Appellant's App. at 190. The answer to interrogatories also stated, "Please note this account was formerly a traditional IRA held for the benefit of Craig D. Erickson." *Id*. Dumka also submitted Lori's affidavit, in which she attested that she had the Edward Jones IRA. *Id*. at 194. Both documents were admitted into evidence without objection. Dumka asked the trial court to enter a final order of garnishment directing Edward Jones to liquidate the IRA. The trial court asked Lori whether she had any problems with the submission by Dumka's attorney of a final garnishment order against Edward Jones, and she said, "No." Tr. at 3. At no time did Lori assert that the IRA was exempt from garnishment. The trial court then directed Dumka's attorney to submit a proposed garnishment order and stated that it would approve the order. *Id*. The entry in the chronological case summary states, "[W]ithout objection, Final Order in Garnishment will issue upon receipt of same." Appellant's App. at 13.

[4]     In February 2016, the trial court issued an order denying Dumka's request for garnishment ("the Order"). The trial court found that pursuant to Indiana Code Section 34-55-10-2(c)(6), "non-spousal inherited IRAs are not exempt from garnishment," but "IRAs inherited by surviving spouses are exempt," and because the Edward Jones IRA was inherited by a surviving spouse, it is exempt from garnishment. *Id*. at 21. Dumka filed a motion to correct error, arguing that the trial court erred by asserting exemptions on Lori's behalf and acting as her advocate. Following a hearing, the trial court denied the motion,

finding that it did not err by taking judicial notice of Section 34-55-10-2(c)(6).

This appeal ensued.

## Discussion and Decision

Initially, we note that Lori did not file a brief.

> When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments, and we apply a less stringent standard of review. We may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. The prima facie error rule relieves this Court of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee.

*Jenkins v. Jenkins*, 17 N.E.3d 350, 351-52 (Ind. Ct. App. 2014) (citations omitted).

Dumka argues that the trial court erred by denying his request for garnishment based on an exemption that Lori failed to assert. We observe that

> [p]roceedings supplemental are designed as a remedy where a party fails to pay a money judgment. The proceedings are merely a continuation of the underlying claim, initiated under the same cause number for the sole purpose of enforcing a judgment. These proceedings serve the limited purpose of determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment.

> Our system vests trial courts with broad discretion in conducting proceedings supplemental. [I]n proceedings supplemental, we are

> constrained to treat a trial court's judgment as being general only. We will not disturb a trial court's judgment regarding a proceedings supplemental unless the record does not provide sufficient support for any theory on which the judgment may be sustained. We will affirm the trial court's judgment on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom.

*Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 668-69 (Ind. Ct. App. 2008) (citations and quotation marks omitted). Here, the trial court took judicial notice of Indiana Code Section 34-55-10-2(c)(6). We review a trial court's decision to take judicial notice of a matter for abuse of discretion. *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016) (citing *Storey v. Leonas*, 904 N.E.2d 229, 236 (Ind. Ct. App. 2009)).

Dumka concedes that the IRA is exempt from garnishment pursuant to Indiana Code Section 34-55-10-2(c)(6) and that Lori would have been entitled to it if she had timely asserted the exemption. Indiana Code Section 34-55-10-2(c)(6) provides that "an interest, whether vested or not, that a debtor has in a retirement plan or fund to the extent of contributions, or portions of contributions, that were made to the retirement plan or fund by or on behalf of the debtor or the debtor's spouse," is exempt from execution of judgment. *See also In re Klipsch*, 435 B.R. 586, (2010) (concluding that IRA inherited from father by son was not exempt but explaining that IRA held by surviving spouses are exempt). The evidence clearly establishes that the IRA is a retirement plan held for the benefit of Craig and that it was inherited by Lori, his surviving spouse. Therefore, the IRA is exempt from garnishment. Nevertheless, Dumka

asserts that Lori is not entitled to the exemption because she failed to timely assert it.

[7] Although the general rule is that exemptions to attachment must be asserted by the debtor, our supreme court has recognized exceptions. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011); *Mims v. Commercial Credit Corp.*, 261 Ind. 591, 596, 307 N.E.2d 867, 870 (1974). In *Branham*, our supreme court explained the justification for exemptions:

> The principle that debtors should have a certain amount of property or income exempted from collection finds its origin in our constitution, which says:
>
> > The privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability hereafter contracted: and there shall be no imprisonment for debt, except in case of fraud.
>
> Ind. Const. Art. 1, § 22.
>
> To enforce Article 1, Section 22, our General Assembly has enacted multiple exemption statutes sheltering certain property and income from attachment. *The general rule of civil litigation is that these exemptions must be asserted by the debtor.* [*Mims*, 261 Ind. 591, 307 N.E.2d 867]. Because the statutory exemptions exist to give life to a constitutional right, *we have held that there should be exceptions and modifications to this general rule "consistent with fairness and practical realities."* *Id.* at 595, 307 N.E.2d at 869.

952 N.E.2d at 746-47 (emphases added).

[8] The *Branham* court concluded that the circumstances of that case justified an exception to the general rule that exemptions from attachment must be asserted by the debtor. There, the judgment debtors were unrepresented and failed to assert two exemptions–the general wage exemption and the Social Security Income exemption–during proceedings supplemental brought in small claims court. The *Branham* court observed that small claims trials are purposefully informal and that "[p]eople often appear in small claims court without attorneys and may not have any knowledge of exemptions or any realistic way to determine which exemptions might apply." *Id*. at 747. The court also noted that the specific facts of the case illustrated why "holding unrepresented litigants to account on appeal for affirmatively pleading exemptions may often prove too harsh." *Id*. The court found that there was "no evidence that the Branhams [had] any property or income that [was] not covered by an exemption." *Id*. at 748. Accordingly, the court reversed the order requiring the Branhams to make payments.

[9] *Mims* involved two exemptions: the Uniform Consumer Credit Code ("UCCC") garnishment exemption and the resident-householder exemption. The debtor, who had defaulted on a retail installment sales contract, was unrepresented and did not assert the resident-householder exemption, and the trial court applied the UCCC exemption. The *Mims* court held that a "debtor-defendant, who satisfies the resident-householder requirement and whose indebtedness flows from a contractual breach, should have the protection of whichever garnishment exemption results in the least amount of garnished

income." 261 Ind. 591, 594, 307 N.E.2d 867, 868. To "preserve the integrity of the garnishment exemptions and insure full enjoyment of a constitutional right," the court explained that if a debtor "is represented by counsel during proceedings supplemental, the burden is upon the debtor to affirmatively interpose the resident-householder claim." *Id*. at 595-96, 307 N.E.2d at 869. However, if a debtor is not represented by counsel, then the trial court must determine whether the debtor is a resident-householder, and if so, whether the resident-householder exemption or the UCCC exemption would place the lesser burden on the debtor. *Id*. at 596, 307 N.E.2d at 869.

[10]  Dumka argues that an exception is not warranted here because *Branham* and *Mims* are distinguishable. He asserts that those cases involved garnishment of current and future income, whereas this case involves accumulated savings and earnings thereon; this case is not a small claims case; and the judgment against Lori is based on her embezzlement of corporate assets.[1] Dumka also argues that by asserting the exemption on Lori's behalf, the trial court became an advocate for her rather than remaining impartial as required by Canon 2 of the Indiana Code of Judicial Conduct, which provides, "A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." We are unpersuaded.

---

[1] Unless and until the legislature creates an exception to the exemption for claims based upon embezzlement, we will not create one by judicial fiat.

[11] Like the debtors in *Branham* and *Mims*, Lori was unrepresented. Based on the undisputed facts, the IRA is lawfully exempt from attachment. Her failure and the trial court's failure to initially recognize that the IRA was lawfully exempt is of no consequence. The trial court may take judicial notice of public statutory law, and it may take judicial notice on its own at any stage of the proceeding. Ind. Evid. Rule 201(b), -(c), -(d).[2] The trial court did not abuse its discretion in taking judicial notice of Section 34-55-10-2(c)(6). *See Horton*, 51 N.E.3d at 1157; *see also Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 506 (Ind. Ct. App. 2011) ("[T]he trial court is presumed to know the law, and apply it correctly.") Dumka has failed to establish prima facie error. We conclude that the Order complies with the evidence and the law, and therefore we affirm.

[12] Affirmed.

Kirsch, J., and May, J., concur.

---

[2] Dumka asserts that judicial notice may take the place of proof, but an exemption to garnishment is an affirmative defense that must be pleaded as well as proved. *See* Ind. Trial Rule 8(C) (requiring affirmative defenses to be set forth in a responsive pleading). However, this claim is merely a restatement of the general rule that the debtor must assert an exemption, and we have already discussed that there are exceptions to the general rule.