**FOR PUBLICATION**



**FILED**

Jun 13 2014, 6:37 am

**CLERK**
of the supreme court,
court of appeals and
tax court

<u>APPELLANT PRO SE:</u>

**BRIAN S. MOORE**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN S. MOORE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1310-DR-499 |
| | ) | |
| KRISTY L. MOORE, | ) | |
| | ) | |
| Appellee. | ) | |

**APPEAL FROM THE MARION SUPERIOR COURT**
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49D05-0810-DR-44790

**June 13, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Brian Moore appeals the trial court's contempt finding and thirty-day suspended jail sentence. We reverse and remand.

**Issue**

Brian raises two issues.[1] We address the dispositive issue, which we restate as whether the trial court improperly denied his request for the appointment of counsel.

**Facts**

Brian and Kristy Moore were married and have two children. Their marriage was dissolved in 2009. On June 6, 2013, Brian was ordered to pay Kristy $139 per week in child support. On August 12, 2013, Kristy filed a motion for rule to show cause why Brian should not be found in contempt for failing to pay less than $50 in child support since the June 2013 order. Kristy requested that the trial court order Brian to serve thirty days in jail and that the sentence be suspended pending his compliance.

At the hearing on Kristy's motion, Brian appeared pro se and requested that an attorney be appointed to represent him because he faced jail time. The trial court denied the request because any jail sentence would be suspended. An evidentiary hearing was conducted, and the trial court found Brian in contempt. The trial court sentenced him to thirty days and suspended the sentence until a compliance hearing was held in January 2014. The trial court also acknowledged that it would reconsider Brian's request for the appointment of counsel prior to that hearing. Brian now appeals.

---

[1] Because of our resolution of the counsel issue, we need not address Brian's challenge to the sufficiency of the evidence.

## Analysis

As an initial matter, Kristy has not filed an appellee's brief.  Under that circumstance, we do not undertake to develop arguments for her.  See Branham v. Varble, 952 N.E.2d 744, 746 (Ind. 2011).  Rather, we will reverse if Brian makes a prima facie showing of reversible error.  See id.

Brian argues that the trial court improperly denied his request for counsel prior to sentencing him to thirty days in jail, all of which were suspended, for his failure to pay child support pursuant to the June 2013 order.  We have held "that where the possibility exists that an indigent defendant may be incarcerated for contempt for failure to pay child support he or she has a right to appointed counsel and to be informed of that right prior to commencement of the contempt hearing."  In re Marriage of Stariha, 509 N.E.2d 1117, 1121 (Ind. Ct. App. 1987).  This is so regardless of whether a private person or the State initiates the contempt proceedings.  Marks v. Tolliver, 839 N.E.2d 703, 706 (Ind. Ct. App. 2005).

Here, there is a clear possibility that Brian is indigent.  Furthermore, even though the trial court suspended the sentence and indicated it would reconsider the issue of appointing counsel prior to the compliance hearing, Brian clearly risked the possibility of losing his physical liberty as a result of the trial court's contempt finding.  Thus, if indigent, Brian was entitled to have counsel represent him at that hearing, not just at the subsequent compliance hearing.

3

**Conclusion**

Brian has made a prima facie showing that the trial court erred by denying his request for counsel.  We reverse and remand for the trial court to determine if Brian is indigent and, if so, to appoint counsel to represent him at a new contempt hearing.

Reversed and remanded.

BAKER, J., and CRONE, J., concur.