## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 13 2015, 10:38 am

CLERK
of the supreme court,
court of appeals and
tax court

**ATTORNEY FOR APPELLANT**

Chad A. Montgomery
Montgomery Law Office
Lafayette, Indiana

**ATTORNEY FOR APPELLEE**

Carlos I. Carrillo
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John R. Royer,

*Appellant-Respondent,*

v.

Laurie Royer,

*Appellee-Petitioner.*

May 13, 2015

Court of Appeals Case No. 79A02-1408-DR-615

Appeal from the Tippecanoe Superior Court

The Honorable J. Jeffrey Edens, Special Judge

Cause No. 79D01-0710-DR-153

**Najam, Judge.**

## Statement of the Case

John R. Royer ("Father") appeals the dissolution court's orders finding Father in contempt of court and modifying his child support obligation. Father presents two issues for our review:

1. Whether the dissolution court erred when, after finding him in contempt, it did not advise Father of his right to counsel.

2. Whether the dissolution court abused its discretion when it ordered the modification of his child support retroactive to May 17, 2014.

We affirm.

# Facts and Procedural History

[2] Father married[1] Laurie Royer ("Mother"), and three children were born of the marriage. At some point,[2] Mother filed a petition for dissolution of the marriage, and, in June 2011, the parties submitted to the dissolution court a Mediated Agreed Entry of Child Related Issues ("child support agreement"). The dissolution court approved that agreement, which provided in relevant part that Father's weekly child support obligation was $250 and that Father would "pay [to Mother] 23.5% of any bonus income received after the date of this agreement[.]" Appellant's App. at 26.

[3] On December 18, 2012, after Mother had obtained new employment, Father filed a petition to modify his child support obligation. Following a hearing on May 2, 2013, the dissolution court found that, while Mother had "become reemployed[, . . . ] even considering her new income, [Father]'s ordered child

---

[1] Neither party provides the date of their marriage, and we could not find that information in the record on appeal.

[2] We have no information regarding the date that Mother filed the dissolution petition.

support amount does not differ by more than 20% from the amount that would be ordered by applying child support guidelines." *Id.* at 22. But the dissolution court also found that Father had "recently been terminated from his employment[, and] his severance package [was] due to expire." *Id.* at 23. In its order *denying* Father's petition to modify child support, the court stated in relevant part that:

> 15) By agreement, termination of [Father]'s severance package will necessitate modification of child support.

> 16) The parties agree to discuss modified child support, upon severance package ending.

> 17) If the parties are unable to reach agreement, the Court will schedule the matter for hearing upon the request of either party.

*Id.*[3]

[4] At some point,[4] the parties filed "competing contempt petitions," and, on October 30, 2013, the dissolution court held a hearing on those petitions. Tr. at 48. In particular, Mother asserted that Father had failed to give her a portion of a bonus he had received from his employer and had failed to pay regular child support. And Father asserted that Mother had failed to pay her share of extracurricular expenses and had failed "to negotiate child support

---

[3] In their briefs on appeal, neither party states whether they discussed modification of Father's child support obligation after his severance benefits expired.

[4] The parties do not state, and the record does not reveal, when the contempt petitions were filed.

modification" after his severance benefits expired. Appellant's App. at 25. The dissolution court found and concluded in relevant part as follows:

4) Both parties agree that [Father] received a bonus check, from his former employer, which resulted in a lump sum payment of $760.46 being owed to [Mother].

5) However, the bonus was received by [Father] after his employment ended.

6) Accordingly, payment could not be made by income withholding order.

7) The sum of $760.46 remains unpaid.

8) [Mother] requests that [Father] be held in contempt of court for failure to pay the sum.

9) [Father] argues that he is not in contempt of court because the sum was to be withheld by wage withholding order.

10) The Court FINDS that the specific agreement was for the lump sum payment [of] child support should [Father] receive bonus income.

* * *

14) The Court FINDS that [Father] is in contempt of court.

15) [Father] agrees to pay [Mother] of the sum [sic] within 48 hours of the date of the hearing.

16) [Father] can purge himself of contempt by paying the check within that time period.

> 17) Should payment not be made, upon affidavit of non-compliance, the Court will impose specific sanctions.

*Id.* at 26-27.[5] The dissolution court also found Father in contempt for failure to pay regular child support, separate from the bonus check, and sanctioned him in the amount of $540 towards Mother's attorney's fees. And the court found that Mother was not in contempt of court. But the dissolution court also stated that, given Father's unemployment since May 2013, "the issue of child support modification remains," and the court set a hearing for January 9, 2014. *Id.* at 30. On Mother's motion, that hearing was continued until February 20, 2014.[6]

[5] On August 4, 2014, the dissolution court held a "follow-up hearing on income withholding and those types of things," as well as Father's "oral motion" to modify his child support, which he had made during the February 20, 2014 hearing. Tr. at 95, 117. At the August 4 hearing, Mother submitted evidence that Father's child support arrearage exceeded $15,000. And Father requested that his child support obligation be modified retroactively to the date that his severance benefits expired in May 2013. Following the August 4 hearing, the dissolution court found and concluded in relevant part as follows:

---

[5] In her brief on appeal, Mother states that Father timely paid the $760.46.

[6] Father has not provided a transcript of the February 20, 2014, hearing, and the parties do not provide details regarding what transpired during that hearing.

20) Retroactive to the date [F]ather became reemployed on May 17, 2014, [F]ather's total child support obligation is [reduced to] $150.05 [per week].

\* \* \*

25) The Court gives [F]ather credit of $1,100.00 towards his outstanding child support arrearage[, which corresponds to the retroactive modification of his child support obligation to $150.05 per week].

26) Accordingly, based on Court's Modification Order, [F]ather's current child support arrearage is $14,150.00 to and including August 1, 2014.

\* \* \*

38) Father has some question regarding retroactive application of child support.

39) Specifically, [F]ather believes that child support should be modified at least retroactively to [the] Court's prior hearing on October 30, 2013.

40) However, the Court reviews the Order From Hearing Held that date.

41) Pursuant to Paragraph 28 of the Order, the Court found that "[Father] did not request that the Court set the matter for hearing on child support modification."

42) Father did not appeal the Court's Order.

43) Accordingly, child support was not an issue during the hearing held October 30, 2013.

44) The Court did, however, set the matter for hearing on child support.

45) That hearing was held February 20, 2014.

46) *The Court did not hear any evidence, however, in order to make a determination of what [F]ather's child support modification should be*.

47) *The best evidence the Court has of [F]ather's earning potential is his current employment which began on May 17, 2014*.

48) The Court DECLINES to retroactively modify [F]ather's child support beyond that date.

Appellant's App. at 33-36 (emphases added).  This appeal ensued.

# Discussion and Decision

## Issue One:  Contempt

[6]     Father first contends that the dissolution court erred when it did not advise him of his right to counsel prior to the contempt hearing in October 2013.[7]  In support of that contention, Father cites to this court's opinion in *Moore v. Moore*, 11 N.E.3d 980 (Ind. Ct. App. 2014).  In *Moore*, we reiterated that, "where the possibility exists that an indigent defendant may be incarcerated for contempt for failure to pay child support[,] he or she has a right to appointed counsel and to be informed of that right prior to commencement of the contempt hearing.'"

---

[7] Mother contends that Father has waived this issue for our review because he did not file a notice of appeal within thirty days of the contempt order.  But, because the dissolution court did not expressly certify that the contempt order was final and appealable, this appeal is timely.  *See Hanson v. Spolnik*, 685 N.E.2d 71, 81-82 (Ind. Ct. App. 1997), *trans. denied*.

11 N.E.3d at 981 (quoting *In re Marriage of Stariha*, 509 N.E.2d 1117, 1121 (Ind. Ct. App. 1987)). Father maintains that the dissolution court did not advise him of his right to counsel prior to the contempt hearing and that the court erred in that regard. And Father asserts that, because he has not paid his child support arrearage in full to date, he has a "continuing fear of the court imposing sanctions[.]" Appellant's Br. at 12.

[7] But Father neither alleges nor directs us to any evidence in the record to show that he was indigent at the time of the contempt hearing. As such, Father has not demonstrated that he had a right to counsel at the contempt hearing, and the dissolution court did not err when it did not give an advisement. *See id.*

### Issue Two: Modification of Child Support

[8] Father next contends that the dissolution court abused its discretion when it ordered that his child support obligation be modified retroactively to May 17, 2014. Father maintains that the court should have ordered the modification retroactive to May 2013, when his severance benefits expired. We cannot agree.

[9] We set out the applicable standard of review in *Quinn v. Threlkel*, 858 N.E.2d 665, 674 (Ind. Ct. App. 2006):

> It is within a trial court's discretion to make a modification of child support relate back to the date the petition to modify is filed, or any date thereafter. *Carter v. Dayhuff*, 829 N.E.2d 560, 568 (Ind. Ct. App. 2005). We will reverse a decision regarding retroactivity only for an abuse of discretion or if the trial court's determination is contrary to law. *Haley v. Haley*, 771 N.E.2d 743, 752 (Ind. Ct. App. 2002).

[10]  The modification of a child support order is governed by Indiana Code Section 31-16-8-1, which provides:

> a) Provisions of an order with respect to child support or an order for maintenance (ordered under IC 31-16-7-1 or IC 31-1-11.5-9(c) before their repeal) may be modified or revoked.
>
> b) Except as provided in section 2 of this chapter, modification may be made only:
>
>> 1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>>
>> 2) upon a showing that:
>>
>>> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>>>
>>> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

[11]  Again, Father filed a petition for modification of child support in December 2012, but the dissolution court denied that petition in its May 2013 order. Still, Father maintains that his "petition for child support modification continued to be pending after the May 2, 2013 hearing" because the dissolution court

acknowledged that the expiration of Father's severance benefits would "necessitate modification of child support." Appellant's Br. at 9. And the dissolution court instructed the parties to "discuss modified child support" after the expiration of the severance benefits. *Id.*

[12] But Father reads too much into the dissolution court's order. The dissolution court expressly denied Father's December 2012 petition for modification of child support, which was the *only* petition before the court at the May 2, 2013, hearing.[8] And, in effect, the dissolution court then invited Father to file another petition to modify his child support obligation after the anticipated change in circumstances had taken place, that is, after his severance benefits expired, if the parties could not negotiate a new amount without the court's intervention.[9]

[13] However, in its November 6, 2013, order following the October 30, 2013, contempt hearing, the dissolution court reiterated that Father's severance benefits had expired and stated that "the issue of child support modification remains." Appellant's App. at 30. So it would appear that the dissolution court considered Father's petition for modification of his child support obligation to

---

[8] Father has not provided a copy of his December 2012 petition for modification of his child support obligation in his appendix on appeal. From what we can glean from the record, that petition was based on Mother's newly-obtained employment, not on the anticipated expiration of Father's severance benefits. Father does not direct us to any part of the record showing that he filed a written petition to modify his child support obligation due to a substantial change in circumstances based upon *his* income. Father's contentions on appeal only correspond to portions of transcripts from various hearings.

[9] Father makes no contention on appeal that, separate and distinct from his December 2012 petition for modification of child support, which the court denied, he orally moved the dissolution court for modification of his child support obligation during the May 2, 2013, hearing, when he advised the court that his severance benefits were about to expire. Indeed, no substantial change in circumstances had yet occurred as of that date, and Father might have found employment before the expiration of the severance benefits.

be a live issue as of that date, despite any evidence that Father so petitioned the court after it had denied his December 2012 petition.

[14] Regardless, Father does not challenge the dissolution court's findings and conclusions in making the child support modification retroactive to May 17, 2014, as follows:

> 46) [During a hearing on child support on February 20, 2014, t]he Court did not hear any evidence . . . in order to make a determination of what [F]ather's child support modification should be.
>
> 47) The best evidence the Court has of [F]ather's earning potential is his current employment[,] which began on May 17, 2014.

Appellant's App. at 35-36.

[15] On appeal, Father maintains that the dissolution court abused its discretion in failing to order the modification retroactive to May 2013 because Father "had been receiving only unemployment in the amount of $330.00 a week from when his severance was terminated in early May of 2013, until he regained employment on May 17, 2014." Appellant's Br. at 9. But Father bore the burden to present evidence in support of the modification of his child support obligation, *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940 (Ind. 2005), and he does not direct us to anything in the record to show that he presented evidence to the dissolution court relevant to what his income was after his severance

benefits expired.[10] Indeed, the child support obligation worksheets Father submitted to the dissolution court on August 4, 2014, reflect only his income as of May 17, 2014. Father did not submit any worksheets relevant to his income while he was receiving unemployment benefits, and our review of the record does not show that Father otherwise submitted that evidence to the dissolution court. The dissolution court did not abuse its discretion when it modified Father's child support obligation retroactive to May 17, 2014.

[16] Affirmed.

Baker, J., and Friedlander, J., concur.

---

[10] Father represented himself at the August 4, 2014, hearing. During argument, Father told the dissolution court that, "at [one] point in time, I was receiving . . . an unemployment benefit of three hundred and thirty dollars ($330.00) a week[.]" Tr. at 118. But Father made that statement in the context of explaining that he had expected that "a new, immediate income withholding order [would have been] signed so that any child support deemed necessary to be taken out [would have been] taken out from [his] unemployment benefits[,] and that wasn't done." *Id.* at 119.