



FILED

Dec 18 2020, 10:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-PL-706

## Kyung Sil Choi, Bo Kang Park, and Han Chong,

*Appellants-Defendants,*

–v–

## Jung Hee Kim,

*Appellee-Plaintiff.*

---

Decided: December 18, 2020

Appeal from the Monroe Circuit Court, No. 53C04-1611-PL-2260
The Honorable Elizabeth A. Cure, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 19A-PL-1429

---

**Per Curiam Opinion**

Chief Justice Rush and Justices David, Massa, Slaughter, and Goff concur.

**Per curiam.**

The jury returned a $350,000 verdict for the plaintiff, Jung Hee Kim, on her theft claim against defendants Kyung Sil Choi, Bo Kang Park, and Han Chong. The trial court entered judgment on the verdict, denied the defendants' motion for judgment on the evidence and motion to correct error challenging that verdict, and awarded Kim attorney's fees.

On appeal, the defendants argued that (1) the trial court erred in communicating with the jury after deliberations began ("communication error"), thus requiring a new trial, and (2) the evidence does not support the theft verdict. The Court of Appeals unanimously held the communication error emphasized certain jury instructions relating to the theft claim and was reversible. Rather than remand for a new trial, though, the majority turned to the second issue, held that Kim failed to prove theft, and simply reversed. *Kyung Sil Choi v. Jung Hee Kim*, No. 19A-PL-1429, 2020 WL 3478646 (Ind. Ct. App. June 26, 2020).

Judge Tavitas dissented in part. She opined that whether the evidence supports the theft verdict need not be addressed "given the need for a new trial at which different evidence could be presented." *Id*. at *6. We agree. *See Moore v. Moore*, 11 N.E.3d 980, 980 n.1 (Ind. Ct. App. 2014) (reversing due to procedural error, remanding for new evidentiary hearing, and refraining from addressing appellant's challenge to sufficiency of evidence); *see also Cook v. Whitsell-Sherman*, 796 N.E.2d 271, 278 (Ind. 2003) (refraining from deciding whether damages were excessive where new trial on damages was being awarded).

Accordingly, we grant transfer and summarily affirm the Court of Appeals' decision, except its discussion on sufficiency of the evidence, which remains vacated. *See* Ind. Appellate Rule 58(A). We reverse the trial

court's judgment (including its attorney's fees award) and remand the case for a new trial on Kim's theft claim.[1]

Rush, C.J., and David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANTS
Megan J. Schueler
Ferguson Law
Bloomington, Indiana

ATTORNEY FOR APPELLEE
Vincent S. Taylor
Bloomington, Indiana

---

[1] In addition to the theft verdict for Kim, the jury returned (1) a verdict against Kim on her claim for return of $16,000 that she allegedly lent to two of the defendants, and (2) a verdict against intervenor Oya, Inc. on its claim against Dale Invest2, Inc. for breach of contract. Appellants' Joint App. Vol. 2 at 116-17. Kim did not appeal or cross-appeal; she asked for the trial court's judgment to be upheld. Appellee's Br. at 33. Oya did not appeal either. In other words, the proponents of the claims that received negative verdicts have not challenged those verdicts on appeal.